.695 P.2d 1130

In the Matter of a Member of the State Bar of Arizona Ted B. BOWEN, Respondent.

No. SB–308.

Supreme Court of Arizona, En Banc.

Feb. 26, 1985.

Martha McConnell Bush and Felecia F. Stitcher, Phoenix, for State Bar.

W. Michael Smith, Yuma, for respondent.

HAYS, Justice.

A complaint against the respondent, Ted Bowen, was lodged with the State Bar of Arizona. Thereafter, a formal complaint issued and a time for hearing before an administrative committee was set. Subsequently a hearing was held, lasting two and one-half days. The respondent appeared with counsel. A number of witnesses appeared and gave testimony; letters, checks and other documents were admitted in evidence. Ultimately, findings of fact and conclusions of law were filed by a majority of the administrative committee, along with a recommendation of censure.

One member of the committee submitted a dissent, disagreeing with the findings, the conclusions and the recommendation.

Pursuant to Supreme Court Rule 36(b), the respondent requested permission to appear before the Disciplinary Board. Permission was granted and respondent appeared with counsel. The Board, by unanimous vote, adopted the findings, conclusions and recommendation of the committee, except that by a vote of 6-to-1, they reinstated conclusion of law number six which had been dismissed by the committee. The respondent filed objections pursuant to Rule 36(d) and the record was transmitted to this court.

The facts in abbreviated form are: In August of 1977 the complainant and her then husband retained the respondent to assist them with problems which had arisen in the purchase of a trailer park. The purchase had been completed, but the buyers (the complainant and her husband) discovered defective electrical wiring in the park and wanted to recover the cost of repairs from the seller. Respondent instructed his clients to cease payments on the three mortgages which were a part of the purchase consideration.

Respondent, by letter and in person, attempted to resolve the dispute but the seller filed a foreclosure action because the payments were in default. Respondent filed an answer and counterclaim, and the parties then agreed that in the interim the buyer would pay the amounts required for the first two mortgages but not the one running to the seller. This took place in late 1977.

Negotiations continued sporadically. In April 1979 the seller's attorney obtained a partial summary judgment in the forfeiture action. Respondent's partner filed another action for respondent's clients against the sellers.

More negotiations were conducted in 1979 and at least some of the participants thought an agreement was reached. For some reason not fully explained by the record, the respondent gave the seller's attorney a check for $25,000.00. There was no documentation to explain the basis upon which the money was given or received. This payment was without the knowledge or consent of respondent's clients. According to the record in this matter, the trailer park dispute is not resolved after seven years.

We now turn to our task in determining this matter. The most obvious violation of the rules of professional responsibility here concerns the $25,000.00 payment respondent made from his own funds. The witnesses have given different characterizations to the $25,000.00, but however characterized, it is a violation of DR 5–103(B). There may be a question as to whether respondent acquired a proprietary interest in the trailer park, but there can be no doubt that respondent advanced *"financial assistance to his client."* Respondent further failed to inform the client or get her consent. There can be no doubt of the foregoing statement because when respondent appeared before the Disciplinary Board he admitted that he did not tell his client about the $25,000.00 even though he wrote to her and talked with her on the telephone after the payment.

Respondent also failed to keep his clients informed as to the status of the lawsuits he was engaged to handle. More specifically, he failed to inform the clients that a lawsuit filed in their behalf had been dismissed and that the court had refused to reinstate the case. *See* DR 7–101(A)(2).

DR 6–101 states in pertinent part:

"(A) A lawyer shall not:

. . . .

(3) Neglect a legal matter entrusted to him."

An examination of the record in this case reflects a violation of the foregoing disciplinary rule. The record also indicates that the clients are in some respects responsible

for some of the problems which arose. However, viewing all of the testimony and exhibits, we find that the record demands that respondent be censured. It is so ordered and respondent is assessed $3,359.84 for the expenses incurred.

HOLOHAN, C.J., GORDON, V.C.J., and FELDMAN, J., concur.

*Note:* JAMES DUKE CAMERON, Justice, did not participate in the determination of this matter.