788 P.2d 95

**In the Matter of a Member of the State Bar of Arizona, Thomas Walter ANDERSON, Respondent.**

**No. SB–89–0031–D.**

Supreme Court of Arizona,
In Banc.

Feb. 28, 1990.

Thomas Walter Anderson, Tucson, pro se.

Harriet L. Turney, Chief Counsel, Phoenix, State Bar of Arizona.

Jeffrey G. Buchella, Tucson, State Bar of Arizona.

OPINION

CAMERON, Justice.

## I. JURISDICTION

The Disciplinary Commission of the Supreme Court of Arizona (Commission) recommends that respondent, Thomas Walter Anderson, be suspended from the practice of law for a period of three months, ordered to pay $5,000 in restitution and $908.60 in costs to the Arizona State Bar (Bar). We have jurisdiction pursuant to 17A A.R.S. Sup.Ct. Rules, Rule 53(e).

## II. FACTS AND PROCEDURE

The facts are not in dispute. In March 1985, respondent undertook representation of Jim Jamison in a malpractice action against two Arizona attorneys. Jamison's Flagstaff attorney, Gerald Nabours, referred him to respondent. Jamison paid respondent $5,000 pursuant to a fee agreement. Respondent timely filed the malpractice suit and conducted some discovery.

Approximately twenty months later, Nabours, on the behalf of Jamison, sent a letter to respondent informing him that Nabours was concerned about the lack of activity in the case. In December 1986, Jamison learned that his malpractice action had been dismissed because respondent failed to file a pre-trial statement. Respondent acknowledged that the case was dismissed, but stated that he was going to immediately move to reinstate the suit.

In January and February of 1987, Nabours sent certified letters to respondent expressing concern about the dismissal and the need to have the dismissal set aside or the problem otherwise corrected. By April 1987, respondent still had not communicated with Nabours. Respondent failed to move to set aside the dismissal and took no other action regarding the case. Throughout the period between November 1986 and July 1987, respondent failed to communicate with his client regarding the status of the case and failed to communicate with Nabours regarding efforts to rectify the dismissal. Essentially, respondent failed to take any action whatsoever regarding the case.

Jamison and Nabours filed a complaint with the Bar in July 1987 and the Bar notified respondent by letter requesting a

response to the complaint within twenty days. Respondent received the letter but failed to respond to the Bar's inquiry. The Bar sent another letter to respondent in August demanding response to the complaint within fifteen days. Again, respondent failed to reply. A third letter then followed informing respondent that he had ten days to reply or a deposition would be scheduled. Respondent still did not reply.

On 28 September 1987, a subpoena was issued ordering respondent to appear and to have his deposition taken. Respondent was deposed in October 1987. In December 1987, the Bar requested copies of all correspondence between respondent and his malpractice insurance carrier regarding the above-referenced complaints. Once again, respondent failed to answer these requests.

In May 1988, after a finding of probable cause, the Bar filed a formal complaint. Because respondent did not answer the allegations, the complaint was deemed admitted. 17A A.R.S. Sup.Ct. Rules, Rule 53(c)(1). The Hearing Committee (Committee) considered aggravating and mitigating circumstances, and recommended formal (public) censure, restitution of the $5,000 retainer and payment of Bar costs. The Commission unanimously accepted the findings of fact and conclusions of law of the Committee but differed on the sanction and, by a 5–3 vote, recommended a three-month suspension. Respondent objects to the sanctions.

## III. CHARGES AND CONCLUSIONS OF LAW

Respondent was charged with four counts of misconduct.

### COUNT ONE

Count one alleged that throughout his representation, respondent failed to act with reasonable diligence and promptness and, in fact, neglected matters entrusted to him. Throughout the period in question, from the time the case was dismissed until the date of the hearing, respondent made no attempt to protect Jamison's legal interest. The complaint further alleged that respondent completely neglected his

client's case to the prejudice of his client's interest. The Committee and the Commission found respondent violated the Rules of Professional Conduct, particularly ER 1.3 (Diligence), which states:

> A lawyer shall act with reasonable diligence and promptness in representing a client.

17A A.R.S. Sup.Ct. Rules, Rules of Professional Conduct, Rule 42, ER 1.3.

### COUNT TWO

Count two alleged that respondent failed to communicate with his client regarding the status of his case, particularly, failed to inform his client that the case was dismissed for lack of prosecution. Also, respondent failed to communicate to his client as to how he planned to rectify the situation. Furthermore, the complaint alleged that respondent failed to comply with reasonable requests for information regarding the case which resulted in injury to the client. The Committee and Commission found that respondent violated ER 1.4 (Communication), which states:

> (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
>
> (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Rules of Professional Conduct, Rule 42, ER 1.4.

### COUNT THREE

Count three alleged that respondent failed to cooperate and respond to the Bar's letters and allegations despite numerous inquiries and warnings. The complaint further alleged that respondent failed to respond to a lawful demand for information from a disciplinary authority. The Committee and Commission found respondent in violation of ER 8.1(b) (Bar Admission and Disciplinary Matters), which states:

> An applicant for admission to the bar, or a lawyer in connection with a bar

admission application or in connection with a disciplinary matter, shall not:

\* \* \* \* \* \*

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require. disclosure of information otherwise protected by ER 1.6.

Rules of Professional Conduct, Rule 42, ER 8.1(b).

## COUNT FOUR

Count four adopted the allegations in count three and, in addition, alleged that respondent failed to answer communications from the Bar. Respondent failed to reply to all letters from the Bar including the letter requesting all correspondence between respondent and his malpractice insurance carrier, and the letter regarding the cost assessment of the deposition. The Committee and Commission found respondent violated ER 8.1(b), *supra*, and Rule 51(h) and (i), Rules of the Supreme Court, which read:

RULE 51. GROUNDS FOR DISCIPLINE.

Grounds for discipline of members and non-members shall be misconduct occurring as follows:

\* \* \* \* \* \*

(h) Failure to furnish information to or respond promptly to any inquiry or request from bar counsel, a hearing committee, the board, the commission or this court, made pursuant to these rules for information relevant to complaints, grievances or matters under investigation concerning conduct of a lawyer, or failure to assert the ground for refusing to do so....

(i) Evading service or any other refusal to cooperate with officials and staff of the state bar or a conservator appointed under these rules acting in the courts of their duties.

Rules of the Supreme Court, Rule 51(h) and (i).

We have reviewed the record and agree with the findings of fact and conclusions of law. The Bar has proven respondent's acts of unethical misconduct by clear and convincing evidence. *See In re Pappas*, 159 Ariz. 516, 518, 768 P.2d 1161, 1163 (1988). We hold that respondent was correctly charged in each of the four counts.

Respondent, in his brief, accepted the findings of fact and conclusions of law found by the Committee and approved by the Commission. However, as noted above, respondent objected to a three-month suspension, which we now discuss.

## IV. SANCTIONS

In considering what sanction to impose, the Committee held:

5. That after hearing the evidence, we find that there are a number of *aggravating factors* to be considered which include:

A. That the Respondent has committed clear malpractice by failure to prosecute a malpractice claim, which is likely to affect the rights of his client in the future. That furthermore, Respondent's act of malpractice is further aggravated by its "double nature" in that by committing malpractice and prosecuting a malpractice case, the injury to the client has been further exacerbated.

B. That the failure of the Respondent to take any steps whatsoever to try and get the case placed back on the active calendar and to get the dismissal set aside, is a further aggravating factor.

C. That the failure of the Respondent to cooperate with the formal Bar investigation is a further aggravating factor.

6. The committee finds the following *mitigating factors:*

A. Respondent has 14 years of practice in the community without any prior disciplinary action.

B. Respondent admits that he made a mistake.[1]

---

1. This is a very euphemistic statement. Respondent did much more than make a mistake. He

C. The Respondent is very remorseful over this incident.

The Committee recommended public censure while the Commission recommended a three month suspension.

The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) provide in part:

1.1 Purpose of Lawyer Discipline Proceedings

The purpose of lawyer discipline proceedings is to protect the public and the administration of justice from lawyers who have not discharged, will not discharge, or are unlikely to properly discharge their professional duties to clients, the public, the legal system, and the legal profession.

\* \* \* \* \* \*

ABA *Standards*, Standard 1.1. The Standards also set out the following factors to be considered in imposing sanctions:

In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:

(a) the duty violated;

(b) the lawyer's mental state;

(c) the potential or actual injury caused by the lawyer's misconduct; and

(d) the existence of aggravating or mitigating factors.

ABA *Standards*, Standard 3.0. Specifically, in cases of lack of diligence, the ABA *Standards* provide:

4.4 Lack of Diligence

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving a failure to act with reasonable diligence and promptness in representing a client:

\* \* \* \* \* \*

4.42 Suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or

completely and knowingly failed to represent

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

\* \* \* \* \* \*

ABA *Standards*, Standard 4.4 and 4.42.

The *Standards* contain a list of mitigating and aggravating circumstances. *See* ABA *Standards*, Standards 9.2 and 9.3. This list is not exhaustive, however, and we may consider other factors in aggravation or mitigation when supported by the evidence. In the instant case, the Committee correctly found the existence of the aggravating and mitigating circumstances set forth above.

We believe that the Commission's recommendation of three months' suspension is appropriate. Respondent's knowing and callous lack of diligence caused his client unnecessary injury and loss.

We believe that under the facts in this case, a three-month suspension is appropriate.

## V. DISPOSITION

Respondent is suspended for three months, ordered to make restitution to Jamison in the amount of $5,000 (for the retainer) and ordered to pay the State Bar for costs in the amount of $908.60.

GORDON, C.J., FELDMAN, V.C.J., and MOELLER and CORCORAN, JJ., concur.

and protect his client's interest.