816 P.2d 916

**In the Matter of a Member of the State Bar of Arizona, Philip JONES, Respondent.**

No. SB–91–0021–D.
Disc. Comm. No. 89–0091.

Supreme Court of Arizona,
En Banc.

Sept. 5, 1991.

Philip Jones, pro se.

State Bar of Arizona by William N. Poorten, III, Staff Bar Counsel, Tucson, for State Bar.

## OPINION

MOELLER, Justice.

The Disciplinary Commission recommended that attorney Philip Jones (Respondent) be disbarred from the practice of law and make restitution to his defrauded client. We have jurisdiction pursuant to 17A A.R.S.Sup.Ct.Rules, Rule 53(e).

### FACTUAL AND PROCEDURAL HISTORY

A client retained Respondent in connection with the client's acquisition of some property that had sustained a fire loss covered by insurance. Respondent received the insurance proceeds on behalf of his client, but ignored his client's directions to pay the proceeds to a third party. Instead, Respondent converted the money to his own use. When the client discovered the conversion some years later, he confronted Respondent. Respondent admitted converting the funds, and gave the client a check for $5,000.00 as well as a promissory note for $1,562.22. The check was returned due to insufficient funds and was never made good despite Respondent's repeated assurances and promises. Respondent never made any payments on the promissory note. Ultimately, the client obtained a civil judgment on the check and note, but no payments have been made on the judgment either.

The Bar filed a complaint against Respondent, alleging that he had converted his client's money in violation of former

Arizona Supreme Court Rule 29(a), specifically DR 1–102(A)(3), DR 1–102(A)(6), and DR 9–102(B), and present Supreme Court Rule 42, specifically ER 1.15(b), ER 8.4(b), and ER 8.4(c).[1] A process server served Respondent with the Bar's complaint on April 11, 1990. No summons or other form of instruction for answering accompanied the complaint. On May 3, 1990, the Bar mistakenly mailed a second copy of the complaint to Respondent, along with a letter requesting Respondent to sign an acceptance of service. This second copy of the complaint bore a legend stating that an answer needed to be filed with the disciplinary clerk within twenty days of service. On May 7, 1990, the Bar sent Respondent a second letter advising him that the second copy of the complaint had erroneously been sent because he had already been personally served with the complaint. The letter further advised Respondent that he should disregard the acceptance of service form enclosed with the second complaint. Respondent took no action with respect to either copy of the complaint he had received.

On May 9, 1990, Bar counsel filed a Notice of Failure to Answer and mailed a copy to Respondent. Respondent still took no action. On June 7, 1990, the State Bar Hearing Committee entered an order finding that the allegations of the complaint were deemed admitted. By this time, Respondent had had fifty-seven days in which to answer the complaint that had been personally served.

In a prehearing conference, Respondent stated that he did not answer the complaint because it was not accompanied by a summons. The Committee ruled that the allegations of the complaint had properly been deemed admitted. Although Respondent originally asserted his right to offer evidence in mitigation, he withdrew that request and did not appear at the hearing before the Committee. Instead, he filed a "Memorandum Re: Default," which simply set forth the facts concerning his receipt of the complaints without any argument or request for relief.

The Committee found that Respondent had converted nearly $5,000 of his client's money to his own use. When the client discovered the theft and confronted Respondent, Respondent misrepresented his intention to repay the funds by issuing a check for which there were insufficient funds. Respondent also issued a promissory note on which he has never made any payments.

Based on these facts, the Committee found that Respondent had violated former DR 1–102(A)(3), DR 1–102(A)(6), and DR 9–102(B), and present ER 8.4(c). The Committee found several aggravating circumstances and no mitigating circumstances. In aggravation, it found that Respondent had failed to make any attempt to satisfy the civil judgment his client had obtained against him for the loss, had failed to make any other restitution or offer of restitution, and had failed to show remorse. The Committee recommended disbarment, restitution in the amount of the civil judgment plus interest, court costs, and costs incurred by the Bar in its investigation. The Committee filed its report with the Commission.

Before the Commission, Respondent argued that the complaint had been improperly deemed admitted and that he had been deprived of due process of law. The Commission upheld the Committee's ruling that the complaint had been properly deemed admitted, and unanimously adopted the Committee's findings and recommendation of disbarment. The Commission recommended restitution in the amount of $4,882.75, the original amount of the conversion, plus interest.

Following issuance of the Commission's report, the Bar moved this court for an interim suspension pursuant to Supreme Court Rule 53(d)(3). Respondent did not respond to the motion in writing, but did appear at oral argument. This court granted the motion for interim suspension. Respondent filed a notice of appeal from the

---

1. Because Respondent's actions occurred both before and after February 1, 1985, both the former disciplinary rules and the present ethical rules are implicated.

Commission's report, but has not filed a brief in this court. Thus, the matter is submitted on the record.

## DISCUSSION

### A. The Findings

■ There can be no confusion about Respondent's duty to answer the Bar complaint or about the time limit for answering. Supreme Court Rule 53(c)(1) provides:

Respondent shall file an answer and serve copies upon bar counsel and members of the committee within twenty days after service of the complaint, unless the time is extended by the chairman of the committee. In the event Respondent fails to answer within the prescribed time, the complaint shall be deemed admitted.

Because Respondent failed to answer the complaint, the Committee properly deemed the charges admitted. *In re Galusha*, 164 Ariz. 503, 504, 794 P.2d 136, 137 (1990).

■ In disciplinary proceedings, this court is the ultimate trier of fact and law, with the standard of proof being clear and convincing evidence. *In re Cardenas*, 164 Ariz. 149, 151, 791 P.2d 1032, 1034 (1990). We give considerable deference to the Bar's recommendations. *Id.* After reviewing this record, we find that the charges were admitted and that the record clearly supports the findings based upon those admissions.

### B. The Sanctions

■ The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*Standards*) are a "useful tool in determining the proper sanction to [apply]." *Cardenas*, 164 Ariz. at 152, 791 P.2d at 1035. The purpose of disciplining lawyers is to protect the public and the administration of justice. *In re Nefstead*, 163 Ariz. 518, 519, 789 P.2d 385, 386 (1990); *see also Standards* 1.1. When imposing sanctions, the court should consider: (a) the duty violated, (b) the lawyer's mental state, (c) the potential or actual injury caused by the lawyer's misconduct, and (d) the existence of aggravating or mitigating

factors. *In re Anderson*, 163 Ariz. 362, 365, 788 P.2d 95, 98 (1990); *Standards* 3.0.

■ Respondent converted his client's money to his own use without his client's knowledge or consent. This is theft, and the *Standards* support disbarment for theft. The attorney-client relationship is based on trust. There can be no more egregious act of professional misconduct than the theft of a client's funds held in trust.

According to *Standard* 4.11, disbarment is appropriate when "a lawyer knowingly converts client property and causes injury or potential injury to a client." Respondent compounded this theft years later by misrepresenting to his client that he would repay the funds he had wrongfully converted. He issued a bad check to his client and gave him a promissory note on which he has failed to make any payments despite repeated promises to do so. He has also failed to make any payments on the civil judgment the client obtained on the check and note.

*Standard* 4.61 states that disbarment is appropriate when "a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potential serious injury to a client." Respondent clearly injured his client and clearly benefited himself when he retained the insurance proceeds for his own use.

*Standard* 5.11(b) also states that disbarment is appropriate when a lawyer engages in "intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice." There is no question that Respondent's acts seriously adversely reflect on his fitness to practice law.

Finally, *Standard* 9.22 sets forth several factors that may be considered in aggravation. These factors include: dishonest or selfish motive, refusal to acknowledge wrongful nature of conduct, and indifference to making restitution. Respondent's acts can only be characterized as dishonest and for selfish motives. He has shown no remorse and has not attempted any restitu-

tion, even in the face of a court judgment against him. Thus, aggravating factors are present under *Standard* 9.22(b), (g), and (j). Respondent presented no factors in mitigation and neither the Committee nor the Commission found any.

We hold that disbarment is the appropriate sanction in this case.

### DISPOSITION

Respondent is disbarred and shall pay restitution in the amount of $4,882.75, plus interest at the legal rate from January 27, 1983 (date of last loss) until paid, and shall also pay costs incurred by the Bar in the amount of $679.45. Pursuant to Supreme Court Rule 63(c), this disbarment is effective thirty days after the filing of this opinion. The interim suspension previously ordered remains in full force and effect until this disbarment becomes effective.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.