832 P.2d 197

**In re George V. COFFEY, Jr., Respondent.**

No. SB–91–0020–D.
Disc. Comm. Nos. 87–0245, 88–0608 and 88–0984.

Supreme Court of Arizona, En Banc.

May 19, 1992.

George V. Coffey, Jr., pro se.

Harriet L. Turney, Chief Bar Counsel, Phoenix, for State Bar of Arizona.

## OPINION

MOELLER, Justice.

### JURISDICTION

This is a State Bar disciplinary proceeding. The State Bar filed two complaints, charging a total of twenty ethical violations, against Respondent in connection with his representation of three clients. Because Respondent failed to answer the first complaint, its allegations were deemed admitted pursuant to Rule 53(c)(1), Arizona Rules of the Supreme Court, 17A A.R.S. [hereinafter Rule ——]. Respondent filed an answer to the second complaint, admitting all of its allegations. The Hearing Committee recommended that Respondent be reprimanded and ordered to pay restitution and costs. The Disciplinary Commission recommended instead that Respondent be suspended for six months and be placed on probation for one year after the suspension. Respondent appeals, arguing that the Commission's recommendation is too severe. Because all the factual allegations are admitted, our inquiry focuses principally on the propriety of the recommended sanction. We have jurisdiction pursuant to

Ariz. Const. art. 3 and art. 6, § 1, and Rule 53(e).

### FACTUAL AND PROCEDURAL HISTORY

#### I. The First Complaint

The State Bar's first complaint related to Respondent's representation of client A in a malicious prosecution action and alleged that Respondent: (1) failed to respond to numerous requests for information and failed to inform his client that a summary judgment had been granted against him; (2) failed adequately to research and prepare the action and took nearly a year to prepare the complaint; and (3) failed to respond to a motion for summary judgment and failed to notify the client that the motion had been filed. As a result, Respondent was charged with: (1) failure to maintain adequate communication with his client in violation of Rule 42, ER 1.4, and former Rule 29(a),[1] DR 6–101(A)(3); (2) incompetent representation in violation of ER 1.1 and DR 6–101(A)(2); and (3) lack of diligence in violation of ER 1.3 and DR 6–101(A)(3).

Because Respondent failed to answer the first complaint, the Committee, pursuant to Rule 53(c)(1), deemed the allegations of the complaint admitted.

#### II. The Second Complaint

The State Bar filed its second complaint on February 9, 1990, alleging that Respondent failed to pursue legal matters promptly and diligently, failed to pay creditors of an estate, failed to maintain adequate communication with his clients and the beneficiaries of the estate, and failed to return client files and documents. Respondent was charged with violating ER 1.1, ER 1.3, ER 1.4, ER 1.5(b) (fees), ER 1.15(b) (safekeeping property) and ER 1.16(d) (terminating representation). Because of his failure to respond promptly to the State Bar's numerous requests for information, he was also charged with violating ER 8.1(b) (failure to disclose), Rule 51(h) (responding to

---

1. Because Respondent's actions occurred both before and after February 1, 1985, both the former disciplinary rules and the present ethical rules are implicated.

bar inquiries) and Rule 51(i) (cooperating with state bar).

The second complaint was based on letters written to the Bar by clients B and C expressing dissatisfaction with Respondent's representation. On April 18, 1988, the State Bar notified Respondent by letter of the charges filed against him by client B. Respondent failed to respond to the State Bar's letter within the requested twenty days. The State Bar sent supplemental allegations to Respondent on May 23, 1988. On June 8, 1988, the State Bar again wrote to Respondent regarding the charges. Finally, on July 1, 1988, the State Bar again requested a response and, on that same day, received a response to its initial inquiry. In it, Respondent admitted that he had been lax in completing the probate in question and in corresponding with the personal representative of the estate.

In the meantime, on June 29, 1988, the State Bar notified Respondent in writing of the charges associated with client C and requested a response within twenty days. Receiving no response, the State Bar again notified Respondent of the charges on July 27, 1988, and requested a response within fifteen days. When Respondent did not comply with this request, the State Bar sent a third notice of the charges on August 24, 1988. A response was finally received on September 26, 1988, which stated that the file in question had been placed in closed storage.

Respondent filed an answer to the second complaint admitting all of its allegations. The Committee informed Respondent of his right to be heard in mitigation provided he made a request within ten days. Respondent did not request a mitigation hearing.

III. Disciplinary Commission Proceedings

The Committee granted the State Bar's motion to consolidate the two complaints. The Committee report concluded that Respondent had committed twenty ethical violations and recommended that Respondent receive a reprimand, pay restitution to his clients and pay for the costs of the proceed-

ings. The State Bar objected to the Committee's recommendation of a reprimand, contending that it was an insufficient sanction.

At oral argument before the Commission, Respondent and the State Bar stipulated to expand the record on appeal to include documents in the screening files. Those files had not been reviewed by the Committee. By a vote of 8 to 0, the Commission adopted the findings and conclusions of the Committee, but rejected the Committee's recommended sanction of reprimand. Instead, the Commission recommended that Respondent be suspended for six months and placed on probation for one year thereafter. Respondent appealed to this court which took the matter under advisement following oral argument.

## DISCUSSION

Although we give considerable deference to the Committee's and Commission's recommendations, this court bears the ultimate responsibility for determining appropriate sanctions in bar discipline cases. *In re Lincoln,* 165 Ariz. 233, 235–36, 798 P.2d 371, 373–74 (1990) (citing *In re Neville,* 147 Ariz. 106, 115, 708 P.2d 1297, 1306 (1985)). In determining the appropriate sanction, we are guided by the principle that "[t]he object of disciplinary proceedings is not to punish the lawyer, but to protect the public and deter similar conduct by other lawyers." *In re Rivkind,* 164 Ariz. 154, 157, 791 P.2d 1037, 1040 (1990). For guidance, we may look to the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*Standards*), which we consider a "useful tool in determining the proper sanction." *In re Cardenas,* 164 Ariz. 149, 152, 791 P.2d 1032, 1035 (1990). When imposing sanctions, the court should consider: "(a) the duty violated; (b) the lawyer's mental state; (c) the potential or actual injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors." *In re Anderson,* 163 Ariz. 362, 365, 788 P.2d 95, 98 (1990) (quoting *Standard* 3.0).

Applying these factors to this case, we believe that the sanction recommended by the Commission is appropriate. The Commission found, among other violations, that Respondent violated the duty to provide competent representation and the duty to act with reasonable diligence in representing a client. According to *Standard* 4.5 (lack of competence), suspension is "appropriate when a lawyer engages in an area of practice in which the lawyer knows he or she is not competent, and causes injury or potential injury to a client."

According to *Standard* 4.4 (lack of diligence), suspension is warranted when: "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." The comment to *Standard* 4.4 states that "[s]uspension should be imposed when a lawyer knows that he is not performing the services requested by the client, but does nothing to remedy the situation, or when a lawyer engages in a pattern of neglect, with the result that the lawyer causes injury or potential injury to a client." *Id.* at 32–33. The comment points out that most cases of lack of diligence involve lawyers who fail to communicate with their clients. *Id.* at 33.

In client A's case, Respondent violated his duty to act competently by taking nearly a year to prepare and file a complaint. He also failed to respond to the motion for summary judgment and failed to notify the client that summary judgment had been entered against him. In fact, the client learned of the summary judgment several months after the fact and only as a result of his own research.

In the case of client B, Respondent violated his duty to provide competent representation when he failed to pay creditors of the estate and failed to respond to requests for information from beneficiaries of the estate. He also failed to respond to inquiries from the State Bar. In client C's case, Respondent acknowledges that he should not have accepted representation in the probate matter involved and has indicated that he will not undertake representation in such matters in the future. As a result of Respondent's actions in client C's case, there was an inordinate delay in the probate proceedings, and the client had to hire another attorney and obtain replacements for documents in Respondent's possession.

Respondent failed to keep in contact with all three clients and neglected matters entrusted to him. He injured his clients by failing to pursue their legal affairs in a timely fashion and by failing to respond to their reasonable requests for information. He failed to respond to both written and telephonic communications from all three clients. He violated his duty to keep his clients reasonably informed about the status of their matters and compounded the problem by failing to cooperate with the State Bar's investigation.

The record is devoid of any mitigating evidence, except for Respondent's references to being under personal and emotional stress and to the absence of a prior disciplinary record. The Commission, after reviewing the expanded record on appeal, found that several aggravating factors existed. They included "a pattern of misconduct, multiple offenses, and a bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with disciplinary rules." Commission Report at 6. The Commission found the only mitigating factor to be the absence of a disciplinary record. We have considered all of the aggravating and mitigating factors and agree with the Commission's recommended sanction.

## DISPOSITION

Respondent is suspended from the practice of law for six months beginning thirty days after judgment is entered and is also placed on probation for one year following completion of the suspension. Because the suspension is for six months, the reinstatement provisions of Rule 71(c), rather than those of Rule 71(d), shall apply. The State Bar shall submit proposed probationary terms that shall include law office management counseling, auditing at Respondent's

expense and appropriate limitations on areas of practice. Respondent shall pay $1,051.40 in costs and expenses to the State Bar.

FELDMAN, C.J., and CORCORAN, J., CAMERON, J., (Retired), concur.

GORDON, J., participated in this matter but retired prior to the filing of this opinion. ZLAKET and MARTONE, JJ., did not participate in the determination of this matter.