862 P.2d 219

176 Ariz. 459

**In the Matter of a Member of the State Bar of Arizona, Daniel CARRASCO, Jr., Respondent.**

No. SB–93–0055–D.
Comm. Nos. 90–0582, 91–0352.

Supreme Court of Arizona.

Nov. 12, 1993.

Yigael M. Cohen, State Bar Counsel.

Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona.

### JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **DANIEL CARRASCO, JR.,** a member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of six (6) months for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that **DANIEL CARRASCO, JR.,** shall pay restitution in the amount of $350.00 to Client Latif.

IT IS FURTHER ORDERED that, upon completion of the six-month suspension, **DANIEL CARRASCO, JR.,** shall seek assistance from the State Bar's Law Office Management Assistance Program and follow any recommendations issued by its director.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme

Court of Arizona, **DANIEL CARRASCO, JR.,** shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **DANIEL CARRASCO, JR.,** shall pay the costs of these proceedings in the amount of $1,192.88.

EXHIBIT A

BEFORE THE DISCIPLINARY
COMMISSION

OF THE

SUPREME COURT OF ARIZONA

In the Matter of DANIEL CARRASCO, JR., a Member of the State Bar of Arizona, RESPONDENT.

Comm. Nos. 90–0582 & 91–0352
*DISCIPLINARY COMMISSION REPORT*

Filed July 26, 1993.

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on June 5, 1993, for review of the record on appeal pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission considered the Hearing Committee's recommendation of approval of the agreement for discipline by consent providing for suspension, probationary terms, and restitution.

*Decision*

Upon review of the record on appeal, the Commission, by a concurrence of the nine members present, adopts the Committee's recommendation that the agreement for discipline by consent be accepted, and that Respondent 1) be suspended for a period of six months, 2) make restitution in the amount of $350 to Client B (No. 91–0352), 3) upon completion of his term of suspension, seek assistance from the State Bar's Law Office Management Assistance Program ("LOMAP") and follow any recommendations issued by the director of LOMAP, and (4) pay all costs and expenses incurred by the State Bar in connection with these proceedings and any costs incurred in connection with Respondent's referral to LOMAP.

The Commission also unanimously adopts the Rule 56(a) Tender of Conditional Admissions and Agreement for Discipline by Consent and the Joint Memorandum in Support of the Rule 56(a) Agreement for Discipline by Consent as its findings of fact and conclusions of law.

*Facts*

The conduct at issue is addressed in two separate complaints, which have been consolidated. The first matter, Number 90–0582, concerns Respondent's failure to adequately and diligently represent Client A. Client A retained Respondent in January 1986 for representation in a personal injury action arising out of an automobile accident which had occurred earlier in the month. Respondent did not file the lawsuit on Client A's behalf until January 7, 1988, which was only two days before the expiration of the statute of limitations. Respondent did not attempt to serve the defendants for one year after filing the lawsuit, and then filed a motion to extend time to serve. The motion was denied as Respondent failed to justify the need for an extension. Respondent also failed to respond to inquiries from the defendant's insurance company. Client A's case was ultimately dismissed for lack of prosecution.

Throughout his representation of Client A, Respondent failed to maintain adequate communication with her. He did not keep her informed of the status of the case, including failing to tell her that the case had been dismissed for lack of prosecution. As a result, even after the case had been dismissed, Client A believed that it was still being actively pursued.

In March 1990, Client A complained to the State Bar about Respondent's lack of communication. When Respondent learned of the complaint, he contacted Client A and told her he would give her $3,000, provided

she sign a letter to be sent to the State Bar indicating that she was satisfied with Respondent's representation. Client A signed the letter and accepted the check for $3,000. Respondent did not inform her that the money was from his personal funds, and did not advise her to seek the advice of independent counsel prior to signing the release.

The State Bar sent a letter to Respondent on March 29, 1990, requesting a written response to the allegations of Client A. Respondent's only response was to send the settlement letter that Client A had signed upon receipt of the $3,000. On April 27 and May 22, 1990, the State Bar sent follow-up letters requesting further information. Respondent did not respond until May 31.[1]

Matter Number 91–0352 concerns Respondent's representation of Client B, who retained Respondent in September 1990 to assist him in obtaining a visa from the Immigration and Naturalization Service ("INS"). At the time he retained Respondent, Client B informed him that time was of the essence, as the visa was necessary for him to obtain employment as a special education teacher at a school in Yuma. Respondent also received a letter from the school district confirming the need for Client B to obtain the visa before he would be hired. Although Client B provided Respondent with the completed visa application and necessary documentation within a few days after retaining his services, Respondent did not submit the application to the INS for nearly six weeks.

One month later, the INS requested further documentation from Respondent. Although Respondent had the documentation in his possession, he did not submit it for another six weeks. Because of Respondent's inaction, Client B was not hired until January 1991.

In addition to his lack of diligence, Respondent failed to maintain adequate communication with Client B, and failed to keep him advised of the status of the visa. He also failed to adequately cooperate with the State Bar in its investigation into this matter. The State Bar sent Respondent two letters, dated February 27 and March 25, 1991, requesting a response to the allegations. Respondent did not respond to either letter. His failure to respond compelled the State Bar to issue a subpoena for the taking of Respondent's deposition. After the subpoena issued, Respondent submitted a written response, and the deposition was canceled.

### Discussion of Decision

█ The State Bar and Respondent conditionally admit, and the Committee and Commission agree, that Respondent's conduct violated the Rules of Professional Conduct, as follows:

1. Respondent failed to provide competent representation to Client A, in violation of ER 1.1;

2. Respondent failed to act with reasonable diligence and promptness in his representation of both Clients A and B, in violation of ER 1.3;

3. Respondent failed to adequately communicate with both Clients A and B, in violation of ER 1.4;

4. Respondent attempted to limit his liability to Client A by conditioning the $3,000 payment on her signing a release letter, without advising her to seek independent counsel, in violation of ER 1.8(h);

5. Respondent violated ER 8.1(b) and Supreme Court Rule 51(h) and (i) when he failed to cooperate with the State Bar's investigations; and

6. Respondent led Client A to believe that her case was being actively pursued when, in fact, it had been dismissed, in violation of ER 8.4(c), which prohibits conduct involving dishonesty or misrepresentation.

---

1. The Commission agrees with the Committee's finding that Respondent's May 31 response to the State Bar's May 22 letter was reasonably prompt. Neither the Commission nor the Committee considered this to be a significant delay, and it was not considered in their determination that suspension is the appropriate sanction.

In determining the appropriate sanctions, the Court considers the American Bar Association's *Standards for Imposing Lawyer Sanctions* a suitable guideline. *In re Rivkind,* 164 Ariz. 154, 157, 791 P.2d 1037, 1040 (1990). The Commission uses that guideline, as well.

Standard 4.4 addresses a respondent's lack of diligence. Specifically, Standard 4.42 provides for suspension when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client. Respondent allowed Client A's case to be dismissed for lack of prosecution, and his inaction delayed Client B's employment for months. Both clients suffered actual injury as a direct result of Respondent's lack of diligence.

Standard 4.32 provides for suspension when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client. Respondent offered a check to Client A in exchange for her signature on a letter stating she was satisfied with Respondent's representation. Because Respondent omitted the fact that the money offered was from his own pocket, Client A remained unaware that a conflict of interest existed. Respondent failed to disclose the possible effect of the conflict, failed to even mention that a conflict existed, and failed to advise that Client A seek advice from outside counsel.

Standard 4.62 provides for suspension when a lawyer knowingly deceives a client, and causes injury or potential injury to the client. Respondent intentionally led Client A to believe that he was pursuing her lawsuit, when it had already been dismissed due to his lack of prosecution. Not only the dismissal, but Client A's ignorance of it, caused her potential harm.

Respondent's knowing failure to cooperate with the State Bar's investigation in both matters is addressed by Standard 7.0, which concerns violations of duties owed as a legal professional. One of these duties concerns maintaining the integrity of the profession (Theoretical Framework, pp. 5–6). Standard 7.2 provides for suspension when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client.

Standards 9.32 and 9.22, which list factors to be considered in mitigation and aggravation, respectively, also assist in determining the appropriate sanction. Factors present in aggravation are a pattern of misconduct and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency. Factors present in mitigation are remorse and inexperience in the practice of law.

Based on the foregoing Standards it is apparent that suspension is the proper sanction for Respondent's misconduct. To determine the appropriate length of that suspension, the Commission has reviewed recent cases which have dealt with similar misconduct. In *In re Feeley,* 168 Ariz. 436, 814 P.2d 777 (1991), the respondent allowed a client's lawsuit to be dismissed due to his lack of diligence and competence, failed to take action to set aside the dismissal, failed to keep his clients informed about the status of their lawsuit, and misrepresented to his clients that their case had been set for trial, when he knew it had been dismissed. Respondent Feeley was suspended for six months and ordered to make restitution. In *In re Anderson,* 163 Ariz. 362, 788 P.2d 95 (1990), the respondent was suspended for three months for failing to act with reasonable diligence and promptness, neglecting matters entrusted to him, failing to communicate with his client regarding the status of his case, and failing to cooperate and respond to the State Bar's inquiries. Although Respondent Anderson was only suspended for three months, he did not deliberately mislead a client. In addition, Respondent Carrasco's lack of diligence resulted in injury to two clients.

The purpose of lawyer discipline is not to punish the offender, but to protect the public, the profession, and the administration of justice. *In re Neville,* 147 Ariz. 106, 708 P.2d 1297 (1985). Upon review of

the facts in these matters, particularly in light of Respondent's conduct in dealing with Client A, the Commission does not believe a suspension of less than six months would fulfill that purpose. In addition, the Commission believes that the recommended assistance of the LOMAP program should prevent any future problems of this kind. The Commission also recommends that Respondent make restitution to Client B in the amount of $350.