872 P.2d 1235

**In the Matter of a Member of the State Bar of Arizona, Ted Butcher BOWEN, Respondent.**

**Supreme Court No. SB–93–0051–D. Disciplinary Commission Nos. 88–1821, 89–1466 and 90–0726.**

Supreme Court of Arizona, En Banc.

May 5, 1994.

Fennemore Craig, P.C. by Kenneth J. Sherk, Kaye L. McCarthy, Phoenix, for respondent.

Yigael M. Cohen, Phoenix, for State Bar of Arizona.

## OPINION

MOELLER, Vice Chief Justice.

### STATEMENT OF THE CASE

This is a State Bar disciplinary proceeding. The Hearing Committee and Disciplinary Commission recommended that respondent be suspended for one year. Respondent timely appealed. We have jurisdiction pursuant to Ariz.R.Sup.Ct. 46(a).

### FACTUAL AND PROCEDURAL BACKGROUND

This disciplinary proceeding concerns the conduct of respondent, Ted Butcher Bowen, an attorney since 1966, in two unrelated matters. We discuss each matter separately.

### I. Clients A and B

In September 1983 and thereafter, respondent represented A and B regarding their claims against a former employer for unpaid wages. Despite numerous requests for information, respondent failed to communicate with his clients for the first six months of the case, from October 1983 through May 1984. He did, however, take several actions on behalf of his clients during this period.

In March 1985, respondent filed a civil complaint on his clients' behalf in superior court. In June 1985, the employer answered the complaint and filed a notice of removal to federal district court. In October 1985, respondent filed a motion in federal court to remand the case to superior court. In February 1986, the federal court granted the motion and remanded the case to the superior court.

Between February 5, 1986 and August 11, 1988 (for approximately 30 months), respondent took no action on behalf of his clients in the case. During this period he had only three contacts with his clients. In March 1988, A and B wrote respondent, informing him that he had promised to provide more information on the case within 60 days of his last letter, dated September 9, 1987, and that they had heard nothing from him since. When respondent again failed to contact them, A and B sent a similar letter in June 1988.

On August 11, 1988, after the court sent notice that the lawsuit would be dismissed for lack of prosecution, respondent—without informing his clients—filed a motion to set the case for trial. On October 14, 1988, A and B again wrote respondent, informing him that they had not heard from him for 18 months, and that they were surprised to learn, through their own investigation, that their case had been scheduled for trial.

On November 25, 1988, A filed a complaint with the State Bar. During the State Bar's investigation, respondent failed to respond to one of the State Bar's letters requesting an explanation of why it had taken him so long to pursue A's case and why he had failed to communicate with A.

In November 1988, the clients' former employer filed a motion to continue the trial date. There is no evidence that respondent opposed this motion or that he pursued the case during the postponement. In April 1989, the employer filed a motion to dismiss for respondent's failure to comply with discovery orders, to which respondent did not object. The court granted the motion. Later arguing that the dismissal was his fault and not his clients', respondent filed and the court granted his motion to reinstate the case. In June 1990, nearly seven years after being retained by A and B, the case finally went to trial. The court ruled substantially in favor of A and B. Despite respondent's handling of the case, A and B ultimately were satisfied with respondent's representation and retained him for the appeal.

The Committee and Commission found that respondent's conduct in this matter violated Rule 42, Rules of the Supreme Court, specifically ER 1.3 (diligence) and ER 1.4

(communication). For failing to timely and fully respond to one of the State Bar's inquiries into the matter, the Commission and Committee further found that respondent violated Rule 51(h) and (i).

## II. Clients C and D

In June 1987 and thereafter, respondent represented a partnership (Client C) and one of its partners (Client D) in a lawsuit filed against C and D by a supplier. The supplier alleged in its complaint that C and D owed approximately $31,000 on an open account for various goods provided in relation to a construction contract.

Respondent filed an answer which specifically denied that C and D were indebted to the supplier for any amount. At the time he filed the answer, however, respondent had knowledge that his clients were liable for at least part, if not all, of the debt. Attached to the complaint were copies of invoices evidencing the amount that C owed to the supplier. Moreover, in a letter from D to the supplier, which also was attached as an exhibit to the supplier's complaint, D recognized C's obligation and commitment to the supplier for the debt. At the hearing, when questioned on another matter, respondent admitted that when he filed the answer, he knew C had at least some obligation for the debt. D testified at the hearing that he too knew the debt was the partnership's obligation.

Although C was a partnership, and therefore ineligible for Chapter 13 bankruptcy proceedings, respondent filed a Chapter 13 petition on C's behalf on August 31, 1987. The bankruptcy court later granted the supplier's motion to lift the automatic stay on the grounds that C was ineligible for Chapter 13. Respondent then filed a motion for reconsideration, which the bankruptcy court dismissed along with the Chapter 13 petition.

In November 1987, C and D acknowledged they were indebted to the supplier. The supplier subsequently filed a motion for summary judgment in superior court. Respondent then filed a Chapter 11 bankruptcy on

C's behalf. He also filed a motion to quash the hearing on the motion for summary judgment, arguing—incorrectly—that the automatic stay of C's bankruptcy stayed collection efforts against the individual defendants as well as the partnership. The court denied the motion to quash and granted the motion for summary judgment against the individual defendants, which included D.

In November 1989, the supplier filed and the bankruptcy court granted a motion to dismiss the Chapter 11 petition because respondent did not file a reorganization plan. Although respondent did not object to this motion, he later filed a motion for reconsideration, which the court denied.

In January 1990, the superior court granted the supplier's motion for summary judgment against the partnership, C. In April 1990, the supplier's attorney requested sanctions against respondent; the same motion was also sent to the State Bar as a complaint against respondent. In May 1990, the court ordered that respondent and his clients reimburse the supplier $38,966.25 plus interest for attorneys' fees and costs, finding no valid reason for respondent's initial denial of the debt, and finding that the general denial was filed to cause unnecessary delay and needless expense to the plaintiff.[1]

The Hearing Committee and Disciplinary Commission concluded that respondent's conduct in this matter violated Rule 42, Rules of the Supreme Court, specifically ER 3.1 (meritorious claims and contentions), ER 3.3 (candor toward the tribunal), and ER 3.4(c) (fairness to opposing party and counsel).

### ISSUES

1) Whether the findings of fact and conclusions of law rendered by the Committee and adopted by the Commission are supported by clear and convincing evidence.

2) Whether the Committee's and the Commission's recommendation of a one-year suspension is appropriate in light of the facts of this case and the relevant American Bar

---

1. Respondent appealed the order imposing sanctions. The court of appeals recently affirmed, *James, Cooke & Hobson, Inc. v. Lake Havasu Plumbing & Fire Protection*, 177 Ariz. 316, 868 P.2d 329 (App.1993), and we denied review.

Association's Standards for Imposing Lawyer Sanctions.

## DISCUSSION

### I. Findings of Fact and Conclusions of Law

 Although we give great deference to the reports and recommendations of the Committee and Commission, this court is the ultimate trier of fact and law in disciplinary proceedings. *In re Gaynes,* 168 Ariz. 574, 576, 816 P.2d 231, 233 (1991). Before this court will impose discipline, it must be persuaded that the findings of misconduct are supported by clear and convincing evidence. *In re Jones,* 169 Ariz. 19, 21, 816 P.2d 916, 918 (1991).

After reviewing the record, we conclude that the findings of misconduct in this case are supported by clear and convincing evidence. There is no doubt that, in both matters, respondent failed to act with the professionalism expected of an attorney. In the matter involving A and B, the record clearly shows that respondent failed to communicate with and failed to take any action on behalf of his clients for long periods of time. Respondent also failed to respond to a State Bar request for information, and he knowingly failed to comply with a court order compelling him to answer discovery requests. That he eventually obtained a favorable judgment for his clients does not justify this misconduct.

In the matter involving C and D, the record clearly reveals that respondent knowingly filed a false statement in the answer to the complaint. The record also demonstrates that respondent engaged in repeated stalling tactics. In both bankruptcy proceedings, respondent filed meritless motions to reconsider the bankruptcy court's well-grounded rulings (i.e., the court dismissed the partnership's Chapter 13 petition because partnerships are not eligible for relief under this chapter). In all, it is evident that respondent engaged in several litigious maneuvers with the sole purpose of causing unnecessary delay and expense.

We therefore adopt the findings of fact and conclusions of law rendered by the Committee and adopted by the Commission.

### II. Suspension

Respondent argues his behavior does not merit a one-year suspension, as recommended by the Committee and Commission. He argues that any sanction imposed should be minor. We disagree. After careful consideration, we conclude that a one-year suspension is reasonable and that we should adopt it.

 The purpose of lawyer discipline is to protect the public and deter similar misconduct in the future, not to punish the lawyer. *In re Fioramonti,* 176 Ariz. 182, 187, 859 P.2d 1315, 1320 (1993). In imposing the appropriate discipline, we consider the facts of the particular case and the American Bar Association's Standards for Imposing Lawyer Discipline (ABA Standards). *In re Pappas,* 159 Ariz. 516, 526, 768 P.2d 1161, 1171 (1988). We also may consider the facts of similar cases. *Id.*

### A. ABA Standards

 In fashioning the appropriate sanction, ABA Standard 3.0 suggests we consider: (1) the duty violated; (2) the lawyer's mental state; (3) the actual or potential injury caused by the lawyer's misconduct; and (4) the existence of aggravating and mitigating factors.

In his representation of A and B, respondent violated a duty of diligence to the affairs of his clients. ABA Standard 4.42 suggests suspension is appropriate when a lawyer knowingly fails to perform services for a client or engages in a pattern of neglect and such negligence causes injury or potential injury to a client. Respondent failed to communicate with and failed to take actions on behalf of his clients for long periods of time. Because A and B repeatedly called and wrote respondent concerning his nonactivity, respondent was aware of his lack of diligence. In that it took his clients over seven years to collect on their claim, respondent's lack of diligence caused his clients injury.

ABA Standard 6.22 suggests suspension is also appropriate when a lawyer knowingly violates a court order and causes injury to a client or a party. Respondent failed to comply with a discovery order in A and B's lawsuit. Respondent obviously had notice of these court orders. Because his failure to comply lengthened an already drawn out case, his knowing violation of a court order caused injury to all parties involved.

In his representation of C and D, respondent violated a duty owed to the legal system. ABA Standard 6.12 suggests suspension is appropriate when a lawyer knowingly submits false statements to the court and causes injury to a party in the legal proceeding. Respondent knowingly filed an answer to the plaintiff's complaint specifically denying his clients' indebtedness. The record shows, however, that respondent knew C and D were liable for the debt—or at least part of it—when he filed the answer. Undoubtedly, knowingly submitting this false statement harmed the opposing party in its pursuit to collect the debt.

We therefore agree with the Committee and Commission that respondent should be suspended.

## B. Aggravation and Mitigation

■ The Committee and Commission noted that respondent attempted to rectify the consequences of some of his misconduct, that respondent suffered from physical and mental impairment due to alcohol abuse, and that he sought interim rehabilitation. We agree that these mitigating factors are present. ABA Standards 9.32(c), (d), (h), and (i). We also agree with the Committee and Commission, however, that these factors should be given little, if any, weight. We find no direct causation between respondent's alcoholism and his misconduct. Respondent's interim rehabilitation and attempts to rectify the consequences of his misconduct appear to coincide with his realization that he faced disbarment in these proceedings.[2]

■ On the other hand, we do give some consideration to the following mitigating fac-

tors found by the Commission: absence of a dishonest or selfish motive and good character and reputation. ABA Standards 9.32(b) and (g). We do not find the other mitigating factors advanced by respondent applicable. In particular, we do not give the trial court's order (which respondent has been litigating until it recently became final) that respondent should pay approximately $38,000 in sanctions much consideration, in either aggravation or mitigation. ABA Standard 9.4(a) (forced restitution should not be "considered as either aggravating or mitigating"); cf. In re Levine, 174 Ariz. 146, 173–174, 847 P.2d 1093, 1020–1021 (1993) (finding court-ordered sanctions mitigating where respondent has previously paid many of them).

We come now to the heart of the case. But for respondent's prior record, we might agree that a one-year suspension is not necessarily warranted. But we, like the Committee and the Commission, are seriously concerned about respondent's prior disciplinary record. Respondent has twice been previously censured by this court for very similar misconduct.

In In re Bowen (Bowen I), 144 Ariz. 92, 695 P.2d 1130 (1985), we censured respondent for, among other things, failing to act with due diligence and failing to communicate with his clients. Even while that proceeding was pending, respondent was likewise ignoring A and B—he failed to communicate with A and B for the first six months of the case. In Bowen I, we noted that the client's case was still pending after seven years, which is the same situation in which respondent placed A and B. Finally, Bowen I was brought to closure by a censure in February 1985, but from 1985 through 1989, respondent continued to neglect A's and B's affairs for extended periods. In 1988, he failed to respond to a State Bar inquiry concerning the matter. Respondent's first censure in Bowen I obviously was a futile gesture which did nothing to deter him from repeating similar misconduct.

In In re Bowen (Bowen II), 160 Ariz. 558, 774 P.2d 1348 (1989), we censured respon-

---

2. The State Bar moved to strike a portion of respondent's opening brief and appendix thereto referring to a report on respondent's rehabilita-

tion progress that was not part of the record on appeal. We grant the Bar's motion to strike.

dent a second time, this time for misconduct that occurred while his first disciplinary action was still pending. In *Bowen II,* we publicly censured respondent for knowingly advancing an unwarranted claim (i.e., misusing a lis pendens to circumvent the restrictions on creditors' remedies). Respondent's conduct in that case in abusing the system and the litigants was strikingly similar to his conduct on behalf of C and D here. While *Bowen II* was pending, respondent knowingly filed a false statement in the answer to the complaint and engaged in repeated stalling tactics. Respondent's misconduct continued after the second censure in *Bowen II;* in fact, five months after the second censure, respondent filed his second meritless motion to reconsider the bankruptcy court's ruling. Thus, it appears that even repetitive censures do nothing to deter respondent from repeatedly engaging in similar misconduct.

Considering all of these factors, particularly respondent's prior disciplinary record, we agree with the Committee and the Commission that respondent should be suspended for a period of one year. Another censure, as the Commission noted, would not only be futile, but also inadequate for the conduct involved. Despite the fact that respondent has been censured on two prior occasions for similar conduct, he has not yet corrected his ways. A suspension for any period less than one year would be insufficient to protect the public and deter respondent and other attorneys from similar misconduct in the future. We therefore conclude that a one-year suspension is appropriate for the conduct involved.

## DISPOSITION

Respondent is hereby suspended from the practice of law for a period of one year beginning 60 days from the date that this opinion is filed. Costs of $5,111.77 in favor of the State Bar are also assessed against respondent. Judgment shall be entered accordingly.

FELDMAN, C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.