468

875 P.2d 127

**In the Matter of A Member of the State Bar of Arizona, Daniel CARRASCO, Jr., Respondent.**

No. SB–94–0008–D/Susp.

Disc. Comm. No. 92–1642.

Supreme Court of Arizona,
En Banc.

May 17, 1994.

Daniel Carrasco, Jr., in pro. per.

State Bar of AZ by Yigael M. Cohen, Phoenix, for State Bar of AZ.

## OPINION

FELDMAN, Chief Justice.

This matter came before the court on the recommendation of the Disciplinary Commission ("Commission") that Daniel Carrasco, Jr. ("Respondent") be suspended for a period of three months, the suspension to be served consecutively to a six-month suspension previously imposed on Respondent. Although Respondent did not appeal the present recommendation, we accepted *sua sponte* review pursuant to Ariz.R.Sup.Ct. 53(e)(1). We have jurisdiction under Ariz.R.Sup.Ct. 46(a) and 53(e) (hereinafter "Rule").

## FACTS AND PROCEDURAL HISTORY

A client complained to the State Bar, alleging that she retained Respondent in June 1991 to assist in her application for a United States immigrant visa. The client claimed that she paid Respondent $574, but Respondent did no work on her behalf and failed to communicate with her after January 1992.

In January 1993, the State Bar filed a complaint, alleging that Respondent violated ER 1.3 (failure to act with reasonable diligence and promptness), ER 1.4 (failure to communicate with client), ER 8.1(b) and Rule 51(h) (failure to respond to State Bar's requests), and Rule 51(i) (refusal to cooperate in State Bar's investigation).

The Hearing Officer recommended that Respondent be suspended for three months. The Commission agreed, but further recommended that the suspension be served consecutively to any other suspension Respondent might be serving.

## DISCUSSION

This court is the ultimate trier of fact and law in disciplinary proceedings. *In re Bowen,* 178 Ariz. 283, 872 P.2d 1235 (1994). Findings of misconduct must be based on clear and convincing evidence. *Id.,* 872 P.2d at 1237. The complaint clearly alleged that Respondent accepted a fee to assist a client in obtaining an immigrant visa to the United States but thereafter failed to perform any work or communicate with the client. Respondent did not file an answer to the complaint, did not request a hearing when notified of his right to be heard in mitigation, did not object to the Hearing Officer's report, and did not request oral argument before the Commission.

Respondent's failure to answer constituted an admission of the complaint's allegations. Rule 53(c)(1). We conclude, therefore, that, as alleged, Respondent violated

ER 1.3 and ER 1.4 by failing to handle his client's case or communicate with her, and that he violated ER 8.1(b) and Rule 51(h) and (i) by failing to respond to or cooperate with the State Bar's investigation.

We note further, as did the Commission, that Respondent has had similar problems in the past. He was informally reprimanded for violating Rule 51(h) and (i) on May 12, 1992. *In re Carrasco,* Disciplinary Commission No. 89–0845. On November 12, 1993, we entered an order suspending Respondent for six months, commencing December 12, 1993, for his failure to handle a client's personal injury claim. *In re Carrasco,* 176 Ariz. 459, 862 P.2d 219 (1993). In that case, Respondent was found to have violated the same Rules of Professional Conduct that are implicated in this case. *Id.* at 461, 862 P.2d at 221.

In the present case, the Commission recommended that Respondent be suspended from practice for three months, the suspension to be served consecutively to the six-month suspension imposed in the prior proceeding. We denied *sua sponte* review of the prior proceeding but granted review in this case because, given Respondent's previous problems, we do not believe it is in the public interest that he be permitted to resume the practice of law without making a formal application and the necessary showing of rehabilitation that is required of those who have been suspended for longer than six months. *See* Rule 71(d) and (h).

Because the first suspension was for six months and the Commission's recommended suspension in this case was for three months, neither suspension would exceed six months and Respondent might be reinstated automatically as of September 11, 1994. To avoid this possibility, we approve the Commission's findings and recommendations, except that we impose a nine-month suspension, retroactive to December 12, 1993, to be served concurrently with the present period of suspension. As a practical matter, this means that Respondent's suspension will end at the same time the Commission recommended, but he must also apply for reinstatement and show rehabilitation before resuming the practice of law.

As the Commission recommended, we further order Respondent to make restitution to the client in the amount of $574, plus interest at ten percent from June 30, 1991 until paid. Finally, Respondent is assessed the State Bar's administrative costs of $393.60.

MOELLER, V.C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.