811 P.2d 1076

**In the Matter of a Member of the State Bar of Arizona, A. Michael ESPINO, Respondent.**

**No. SB–90–0067–D.**

Supreme Court of Arizona, En Banc.

April 16, 1991.

---

A. Michael Espino, pro se.

Richard L. Palmatier, Maricopa Co. Attorney's Office, Juvenile Div., Harriet L. Turney, Chief Counsel, State Bar of Arizona, Phoenix, for State Bar of Arizona.

## OPINION

GORDON, Chief Justice.

The State Bar of Arizona (Bar) submitted this matter for review on the record. We have jurisdiction pursuant to 17A A.R.S. Sup.Ct. Rules, Rule 53(e).

## FACTS AND PROCEDURAL HISTORY

The Bar filed a complaint against Albert Michael Espino (respondent) on May 8, 1989, charging him with two counts of lack of diligence and failure to communicate with his clients. He failed to file a timely answer to the complaint and also failed to request an extension of the time in which to file his answer.

The first count arose from respondent's representation of an elderly female client, Pauline Opella, who retained him to represent her in a dog-bite case. Respondent associated with Phoenix lawyer James Seletz to handle the jury trial. After respondent rejected the defendant's offer of judgment of $10,000, the jury returned a verdict of $8,500. The defendant's attorney submitted a statement of costs for $6,400. Respondent failed to make apparently meritorious objections to these costs. He also failed to collect the funds awarded to Ms. Opella by the jury for nearly four years. The second count involved Bobby Cooley, a client residing on the Navajo reservation, who retained respondent to investigate and prosecute a claim against a Flagstaff automobile dealer. Respondent failed to diligently investigate Mr. Cooley's claim, failed to return his legal files despite repeated requests, and refused to return Mr. Cooley's retainer fee.

Both of these matters occurred around the time that respondent was closing his private practice in Flagstaff to take a position with the public defender's office in Navajo County. No complaints have been filed against respondent since his transfer.

Following respondent's hearing, the State Bar Hearing Committee (Committee) found him in violation of the Rules of Professional Conduct, rules 42 and 51(h) and (i), Rules of the Arizona Supreme Court, specifically ER 1.1 (competently representing a client), ER 1.3 (acting with reasonable diligence and promptness in representing a client), ER 1.4 (communicating with a client), ER 1.15 (safekeeping a client's property), ER 1.16(d) (taking steps to protect a client's interest upon termination of representation), ER 8.1(b) (failing to respond to a lawful demand for information from a disciplinary authority), and ER 8.4(a) (general misconduct). The Committee recommended that respondent be suspended from the practice of law for four months, followed by a two-year probationary period with monitoring by the Bar. It also recommended that respondent make restitution to his two former clients.

The Disciplinary Commission of the Supreme Court of Arizona (Commission) affirmed and adopted the Committee's recommendation of suspension and probation. It recommended restitution be paid to client Pauline Opella in the form of interest only on $2,550 from February 1, 1985, to December 8, 1989, plus an interest rate of ten percent per annum from December 8, 1989, until paid. The Commission also ordered restitution of the $500 retainer to Cooley, plus interest at ten percent per annum from April 1, 1985, until paid. Respondent must also pay $1,824.76 in costs to the Bar.

In recommending these sanctions, the Commission noted respondent's failure to respond to the Bar's inquiries, his history of similar misconduct, and his failure to object to the Committee's findings and recommendation. As mitigation, the Commit-

tee observed that respondent had removed himself from private practice and that his new position at the Navajo Public Defender's Office does not involve him in the same sort of activities that led to the Bar complaints.

The Commission submitted this matter to this court for review on the record and respondent filed no objections to the recommendation with this court.

## DISCUSSION

 In disciplinary proceedings, we act as an independent trier of fact and law when exercising our supervisory responsibilities over the Bar. *In re Galusha,* 164 Ariz. 503, 504, 794 P.2d 136, 137 (1990) (citation omitted). We do give serious deference to the reports and recommendations of the Committee and Commission, however. *Id.* (citing *In re Pappas,* 159 Ariz. 516, 518, 768 P.2d 1161, 1163 (1988)). In failing to respond to the Committee's report as required by the rules, respondent has effectively consented to the discipline recommended. 17A A.R.S.Sup.Ct. Rules, Rule 53(c)(5).

Accordingly, with respect to count one, we approve the Committee and Commission's findings. Respondent's failure to make meritorious objections to the statement of costs and his failure to secure funds from a jury verdict award for his client in a timely fashion show nearly total disregard for the client's interests. "An attorney's most important ethical duties include those obligations owed to clients." *Galusha,* 164 Ariz. at 504, 794 P.2d at 137.

As for count two, we also approve the findings of the Committee and Commission. Respondent's failure to adequately communicate with his client and his failure to adequately document the communications that did take place show a lack of diligence and disregard toward the client that justify the sanctions of suspension and probation.

Respondent also failed to respond to the Bar's request for information during its investigation of the allegations in count two. Such behavior shows "a disregard for the Rules of Professional Conduct and

borders on contempt for the legal system." *Id.* at 505, 794 P.2d at 138.

## DISPOSITION

Respondent is suspended for four months effective thirty days from the filing of this opinion, followed by a two-year probationary period with monitoring by the Bar. We adopt the terms and conditions of restitution recommended by the Commission and order respondent to make restitution accordingly. We also order respondent to pay $1,824.76 in costs to the Bar.

FELDMAN, V.C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.