823 P.2d 1278

**In the Matter of a Member of the State Bar of Arizona, Jesse Rodriguez MIRANDA, Respondent.**

No. SB–91–0045–D.

Disc. Comm. Nos. 88–0557, 89–1272 and 90–0090.

Supreme Court of Arizona, En Banc.

Jan. 21, 1992.

State Bar of Arizona, Harriet L. Turney, Chief Bar Counsel by Catherine Leisch, Robert Erven Brown, Phoenix, for State Bar of Arizona.

Harrison, Harper, Christian & Dichter, P.C. by Mark I. Harrison, Phoenix, for respondent.

## OPINION

CORCORAN, Justice.

On August 30, 1991, the Disciplinary Commission of the Supreme Court of Arizona (Commission) filed a report recommending that Respondent Jesse Rodriguez Miranda be suspended from the practice of law for 3 months and thereafter be placed on probation for a period of two years. We have jurisdiction to consider this matter pursuant to rule 53(e), Arizona Rules of the Supreme Court.

### Factual and Procedural Background

On March 29, 1990, the State Bar of Arizona (State Bar) filed a formal complaint with a Hearing Committee (Committee) against Respondent, charging him with 5 counts of violating numerous ethical rules enumerated in rules 42 and 51, Arizona Rules of the Supreme Court. Count One arose out of Respondent's representation of client A[1] in a lawsuit pending against her. Count One alleged that Respondent, while representing client A, entered into a business transaction with her without (1) fully disclosing the terms of the transaction in writing in a manner client A could reasonably understand; (2) giving client A reasonable opportunity to seek the advice of independent counsel in the transaction; and (3) obtaining client A's prior written consent to the transaction, in violation of ER 1.8(a). Count One also alleged that Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, and conduct that was prejudicial to the administration of justice, in violation of ER 8.4(c) and (d).

Count Two arose out of Respondent's alleged failure to respond to numerous State Bar requests for information and documents Respondent agreed to provide in connection with a prior, unrelated disciplinary matter, in violation of rules 51(h) and (i). Count 3 arose out of Respondent's alleged failure to abide by the terms of probation imposed upon him by the Commission in a prior, unrelated disciplinary matter, in violation of rule 51(j).

Count 4 arose out of Respondent's representation of client B in a criminal matter. Count 4 alleged that Respondent failed to

---

1. We recognize that clients who seek counsel from lawyers often do so in confidence. We do not believe that such confidences should be breached just because the lawyer involved is being disciplined. We therefore use client A and client B instead of the clients' actual names.

act with reasonable diligence and promptness in representing client B, and failed to communicate adequately with client B, in violation of ER 1.3 and 1.4. Count 5 arose out of Respondent's alleged failure to respond to State Bar requests for information in connection with this disciplinary matter, in violation of ER 8.1(b).

After initially denying almost all of the allegations in the complaint, and after retaining counsel, Respondent stipulated to most of the allegations of misconduct and stipulated that such conduct violated certain ethical rules. Specifically, Respondent has stipulated to violating ER 1.8(a) and 8.1(b), and rules 51(h), (i), and (j).

The Committee held a hearing in this matter on October 2, 1990. At the conclusion of the hearing, the Committee made a report setting forth its findings of fact, conclusions of law and recommendations. The Committee recommended that Respondent be suspended from the practice of law for a period of 3 months, followed by a two-year period of probation subject to the following measures:

[1]. Respondent shall attend 24 hours of continuing legal education each year, eight hours in the area of the economics and management of small firm practice, eight hours in the area of ethics, and eight hours in other pertinent areas of his practice.

[2]. Respondent shall prepare case statistics every three months to be submitted to a person to be designated by the State Bar. The case statistics shall state the nature of each case he is handling, the date the file was opened, what action has been taken in the case in the prior three months, and if applicable, when the case is closed. If requested by the person designated by the State Bar, Respondent will produce his time records on any case.

[3]. Chief Bar Counsel or her designee shall act as practice monitor, under the following provisions:

[a]. Respondent shall enter into a written fee agreement with each of his retained clients explaining the nature of his fee, to be signed by his client. The fee agreement shall be in letter form. The fee agreement shall not be destroyed.

[b]. Respondent shall keep time records for each case that he handles that record the date, time incurred and the nature of the work performed in sufficient detail as if it were to be utilized in a fee application. The time records shall not be destroyed.

[4]. Respondent shall comply in all respects with the Rules of Professional Conduct, Rule 42, Arizona Rules of the Supreme Court.

[5]. Respondent shall pay all costs that are or will be due and owing to the State Bar as a result of these proceedings, under a payment plan approved by Bar counsel.

[6]. If Respondent fails to comply with any of the foregoing conditions and information thereof is received by the State Bar, Bar counsel shall file with this Hearing Committee a "Notice of Noncompliance." The Hearing Committee shall conduct a hearing at the earliest practical date, but in no event less than thirty days following receipt of said notice, to determine whether the conditions of probation have been breached and, if so, to recommend appropriate action and response to such breach. If there is an allegation that Respondent has failed to comply with any of the foregoing conditions, the burden of proof thereof shall be on the State Bar to prove noncompliance by a preponderance of the evidence.

On May 11, 1991, the Commission held a hearing in this matter. At the conclusion of the hearing, a 7-member panel of the Commission adopted the Committee's findings of fact, conclusions of law, and recommendations. Because Respondent did not file a notice of appeal with the Commission, this matter was submitted to us for decision on the record filed by the Commission.

### Discussion

#### A. Standard of Review

■ In disciplinary proceedings, this court acts as an independent arbiter of both the facts and the law. *In re Neville,*

147 Ariz. 106, 108, 708 P.2d 1297, 1299 (1985). In acting as arbiter of the facts, we recognize that although we give "serious consideration to the findings ... of the Committee and Commission," *In re Pappas,* 159 Ariz. 516, 518, 768 P.2d 1161, 1163 (1988), "*we* must be persuaded by clear and convincing evidence that [R]espondent committed the alleged violations." *In re Lincoln,* 165 Ariz. 233, 235, 798 P.2d 371, 373 (1990) (emphasis added), *citing* rule 54(c); *Pappas,* 159 Ariz. at 518, 768 P.2d at 1163. In acting as arbiter of the law, we give "great weight to the recommendations of the [C]ommittee and the Commission," but recognize that "*this court* ultimately is responsible for determining the appropriate sanction." *Lincoln,* 165 Ariz. at 235–36, 798 P.2d at 373–74 (emphasis added), *citing Neville,* 147 Ariz. at 115, 708 P.2d at 1306.

## B. *Respondent's Violations*

The record before us establishes by clear and convincing evidence that Respondent violated ER 1.8(a) by entering into a business transaction with client A without communicating the terms of the transaction in writing to client A in a manner that she could reasonably understand, and without obtaining client A's prior written consent to the transaction. Likewise, there is clear and convincing evidence from the record that Respondent violated ER 8.1(b) and rules 51(h) and (i) by intentionally failing to respond to numerous requests for information from the State Bar. Finally, the record establishes by clear and convincing evidence that Respondent violated rule 51(j) by intentionally failing to comply with the terms and conditions of a previously imposed probation.

## C. *Sanctions*

After finding that Respondent had violated numerous ethical rules, and after noting that the discipline of an attorney serves not to punish the attorney, *In re Burns,* 139 Ariz. 487, 493, 679 P.2d 510, 516 (1984), but rather to protect the public and to deter other attorneys from ethical violations, *In re Blankenburg,* 143 Ariz. 365, 367, 694 P.2d 195, 197 (1984), the Committee turned to the American Bar Associa-

tion's *Standards for Imposing Lawyer Sanctions* (1986) for guidance in determining the proper sanction for Respondent. The Committee concluded that the following sections of the ABA *Standards* applied to Respondent:

Section 8.2 "Suspension is generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession."

Section 7.2 "Suspension is generally appropriate when a lawyer knowingly engages in conduct that is [a] violation of a duty owed to the profession, and causes injury or potential injury to a client, the public, or the legal system."

Section 4.32 "Suspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client."

Before sanctioning Respondent, the Committee also considered the aggravating and mitigating factors present in this case. In aggravation, the Committee found that (1) Respondent's conduct in the client A transaction evidenced a pattern of misconduct in his dealings with clients and continued failure to comply with ER 1.8; (2) Respondent had been previously disciplined for failure to comply with ER 1.8; and (3) Respondent intentionally failed to comply with the terms of his earlier probation. In mitigation, the Committee found that (1) Respondent's violations were not the product of a dishonest or selfish motive, and (2) Respondent has a reputation for being an attorney of high character and competence in the area of criminal law.

After identifying Respondent's violations and the applicable ABA *Standards,* and after considering evidence in aggravation and mitigation, the Committee made the following observation before recommending a 3–month suspension followed by a two-year probation:

The Committee recognizes that Section 2.3 of the ABA Standards suggests suspension should generally be imposed for a period of at least six months. However, for a number of reasons the Committee believes the record supports a shorter suspension period. First, after viewing Respondent at the hearing and knowing he has been heavily counseled by his retained attorney, a past president of the State Bar, the Committee believes Respondent is remorseful, although belatedly. Second, Respondent enjoys a good reputation and is known for his competence in his area of expertise and his commendable commitment to providing legal services to a traditionally under-represented segment of the community. The Committee is hopeful a three-month suspension will be sufficient to deter future misconduct without seriously affecting the important practice of Respondent or the clients he represents. Considering the nature of Respondent's practice and clients, the Committee believes a longer suspension would be merely inappropriate. *See In re Ockrassa,* 165 Ariz. 576, 580, 799 P.2d 1350, 1354 (1990).

We agree with the sanction recommended by the Committee and adopted by the Commission. Just as the Committee recognized that suspensions should generally be for a period of at least 6 months, *see Standards* 2.3, we, too, recognize this general rule. However, the Committee properly concluded that, under all of the facts and circumstances of this matter, Respondent should be suspended for a period of 3 months followed by a two-year probationary period. We concur in the reasons set forth by the Committee and adopted by the Commission.

## Disposition

Respondent is suspended from the practice of law for a period of 3 months and, once the suspension is completed, is to be placed on probation for a period of two years under the terms set forth above. Respondent is also ordered to pay the State Bar the amount of $3,654.64 for costs and expenses incurred in this matter.

FELDMAN, C.J., MOELLER, V.C.J., CAMERON, J., and FRANK X. GORDON, Jr., J. (Retired), concur.