843 P.2d 654

**In the Matter of a Suspended Member of the State Bar of Arizona, Robert A. CASSALIA, Sr., Respondent.**

**No. SB-92-0058-D.**

**Disc. Comm. No. 90-0684.**

Supreme Court of Arizona
Before the Disciplinary Commission.

Dec. 8, 1992.

Margaret D. White, Bar Counsel, Harriet L. Turney, Chief Bar Counsel, Phoenix, for the State Bar of Arizona.

**SECOND AMENDED JUDGMENT AND ORDER**

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that ROBERT A. CASSALIA, SR., a suspended member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of six months, effective as of the date Respondent pays in full all State Bar dues owing, and upon making arrangements with the State Bar for payment of the unpaid costs and expenses incurred in Commission Number 85-1369, with interest from April 5, 1990, for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that, after completion of the six-months suspension and upon reinstatement, ROBERT A. CASSALIA, SR., shall be placed on probation for a period of two years, under the terms and conditions set forth in Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, ROBERT A. CASSALIA, SR., shall notify all of his clients, within ten (10) days from the effective date of suspension, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against ROBERT A. CASSALIA, SR., for costs incurred by the State Bar of Arizona in the amount of $1,047.80, together with interest at the legal rate from the date of this judgment.

## EXHIBIT A

### BEFORE THE DISCIPLINARY COMMISSION

#### OF THE

### SUPREME COURT OF ARIZONA

In the Matter of

ROBERT A. CASSALIA, SR.,

a Suspended Member of the

State Bar of Arizona, Respondent.

Comm. No. 90–0684.

### DISCIPLINARY COMMISSION REPORT

Filed Aug. 26, 1992.

This matter came before the Disciplinary Commission on July 11, 1992, for review of the Hearing Committee's recommendation of censure, suspension, and probation. The record on appeal having been considered and a decision duly rendered, the Commission reports as follows:

#### Decision

By a unanimous vote of nine aye, the Commission adopts the Findings of Fact, Conclusions of Law and Recommendation of the Hearing Committee that Respondent be suspended for a period of six months,[1] followed by a two-year period of probation, under the terms and conditions set forth below. The Commission rejects the committee's additional recommendation that Respondent be censured.

#### Terms of Probation

After completion of the term of suspension recommended herein, and upon reinstatement, the Commission recommends probation for a term of two years, as previously stated, under the following terms and conditions:

1. Respondent shall have an attorney, agreeable to the State Bar, act as practice monitor;

2. The practice monitor will supervise Respondent's law practice and monitor his billing practices and communications with clients;

3. The practice monitor will review Respondent's practice on a quarterly basis and shall have full opportunity to review any files of Respondent other than those in which a conflict of interest may exist; e.g., files in which the practice monitor represents an opposing party;

4. The practice monitor will agree to report to the State Bar any manifestations of conduct falling below minimum standards of the profession as set forth in the Rules of Professional Conduct, Rule 42, Rules of the Supreme Court.

5. The practice monitor shall be reimbursed for his or her services by Respondent, payment for which will be made by Respondent through the State Bar.

6. Respondent shall pay all costs that are or will be due and owing to the State Bar as a result of Respondent's probation prior to termination of probation, including the cost of retaining the practice monitor.

7. If Respondent fails to comply with any of the foregoing conditions, and information thereof is received by the State Bar, bar counsel shall file with Hearing Committee 6J a Notice of Noncompliance. The Hearing Committee shall conduct a hearing at the earliest practical date, but in no event less than thirty days following receipt of said notice, to determine whether the conditions of probation have been breached and, if so, to recommend appropriate action and response to such breach. If there is an allegation that Respondent has failed to comply with any of the foregoing conditions, the burden of proof thereof shall be on the State Bar to prove noncompliance by a preponderance of the evidence.

---

1. Respondent is currently under suspension for nonpayment of his State Bar dues. He also has not yet paid the costs and expenses incurred in his previous censure. The suspension recommended herein should commence upon Respondent's payment in full of all State Bar dues owing, and upon making arrangements with the State Bar for payment of the unpaid costs and expenses of Comm. No. 85–1369, with interest from April 5, 1990.

### Facts

■ Respondent was representing a married couple as defendants in litigation pending in Maricopa County Superior Court. On or about March 6, 1989, plaintiff's counsel served on Respondent a Request for Production of Documents. On May 16, 1989, plaintiff's attorney reminded Respondent of the outstanding request and advised that he would file a Motion to Compel if the documents were not received within 10 days. Respondent failed to respond to either the Request for Production of Documents or plaintiff's attorney's letter, and a Motion to Compel was filed on May 26, 1989. Respondent failed to respond to the Motion to Compel and the Motion to Compel was granted. Additionally the judge awarded plaintiff $100 in sanctions and ordered that the documents be produced by August 1. Respondent failed to produce the documents or pay the $100 sanction award.

Plaintiff's attorney filed a subsequent Motion to Compel. Respondent was ordered to file an affidavit setting forth reasons for the non-compliance with the previous court order. Respondent failed to respond to the Motion to Compel or file the court-ordered affidavit. As a result Respondent's clients' answer was stricken, and an award was then entered for plaintiff against Respondent's clients.

Respondent offered to satisfy personally the award against his clients by signing a promissory note. When the note which Respondent signed fell due, Respondent gave plaintiff's counsel a personal check which was dishonored. Respondent then defaulted on the promissory note, which has subsequently been paid.

Respondent failed to adequately communicate with his clients or keep them informed of the developments in their case.

Respondent failed to timely respond to the State Bar complaint and as a result Respondent had to be subpoenaed for a deposition.

Respondent's conduct was in violation of Rule 42, Arizona Rules of the Supreme Court, specifically ER's 1.1, 1.3, 1.4, 3.2, 3.4 and 8.4, and of Rule 51, Arizona Rules of the Supreme Court.

### Discussion of Decision

In determining the appropriate sanction, the Commission considered the American Bar Association's *Standards for Imposing Lawyer Sanctions* and prior decisions of the Court, both of which lead the Commission to conclude that suspension is the appropriate sanction.

Standard 4.42 provides for suspension when a lawyer knowingly fails to perform services for a client or engages in a pattern of neglect and causes injury or potential injury to a client. Both circumstances exist in this case.

The Commission also reviewed Standards 9.22 and 9.32, factors to be considered in aggravation and mitigation. In aggravation, there is a pattern established by Respondent's repeated problems responding to both the personal and professional demands of his practice; vulnerability of his clients; and Respondent's apparent indifference toward making restitution (although it was ultimately made) and toward apologizing to clients and counsel (which he has never done). Additionally, Respondent was censured in 1990 for failing to diligently pursue a client's case. In mitigation, the Commission agrees with the Hearing Committee's findings of personal or emotional problems and remoteness of Respondent's prior offense.[2]

The six month suspension recommended by the Hearing Committee is also proportional when considering *In re Anderson*, 163 Ariz. 362, 788 P.2d 95 (1990); *In re Espino*, 168 Ariz. 139, 811 P.2d 1076 (1991); and *In re Cardenas*, 164 Ariz. 149, 791 P.2d 1032 (1990). Anderson was suspended for three months for failing to file an answer and failing to cooperate in a Superior Court case, and failing to cooperate with the State Bar. In imposing the three-month suspension, the Court specifically noted Anderson's lack of prior discipline.

---

2. Respondent's censure, although issued in 1990, was for conduct which occurred in 1982.

Espino failed to cooperate with the State Bar, failed to communicate with his clients, and did not file appropriate documents with the Court. He was suspended for four months followed by a two-year probation. Cardenas, whose conduct was more egregious than either Anderson or Espino, had previously been censured for similar conduct. Cardenas was disbarred.

The Commission should give great deference to findings and recommendations of the Hearing Committee. *In re Petrie*, 154 Ariz. 295, 742 P.2d 796 (1987). That is especially true where, as here, the Committee Report and the record below support the conclusion that the Committee carefully weighed the evidence, considered matters properly in aggravation and mitigation, and applied the appropriate standards in making its recommendation.

■ However, the Commission cannot adopt the Hearing Committee's recommendation of censure in addition to suspension and probation. As discussed herein, both the ABA Standards and prior decisions of the Court indicate Respondent's conduct warrants a suspension. There is neither reason nor necessity for imposing an additional sanction. The Theoretical Framework for the Standards advises that multiple charges of misconduct should receive one sanction that is consistent with the sanction appropriate for the most serious instance of misconduct. Rather than imposing individual sanctions, the Framework states "multiple instances of misconduct should be considered as aggravating factors." *ABA Standards*, p. 6.

Therefore, the Commission will give the Committee's recommendation the deference it deserves and adopt the findings of fact and conclusions of law in their entirety, and adopt the Committee's recommendation that Respondent be suspended for six months, followed by a two-year period of probation.

/s/ Larry W. Suciu

Larry W. Suciu, Chair
Disciplinary Commission