847 P.2d 106

**In the Matter of a Member of the State Bar of Arizona, Meyer L. ZIMAN, Respondent.**

**No. SB–92–0073–D.**
**Comm. Nos. 89–1676, 89–1730 and 90–2170.**

Supreme Court of Arizona.

Feb. 17, 1993.

Michael Napier, Phoenix, for respondent.

Amy G. Langerman, State Bar Counsel and Harriet L. Turney, Chief Bar Counsel, Phoenix, State Bar of Arizona, for the State Bar.

## AMENDED JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly

rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that MEYER L. ZIMAN, a member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of 90 days, to be effective 30 days from January 25, 1993, which is the date of the original Judgment and Order, for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED as follows:

1) During the 90 day suspension, MEYER L. ZIMAN shall, at his own expense, make arrangements to submit to the Law Office Management Assistance Program of the State Bar of Arizona;

2) The State Bar of Arizona shall appoint a practice monitor to supervise MEYER L. ZIMAN's practice for a period of one year, upon completion of the 90–day suspension. MEYER L. ZIMAN shall submit names of persons who will agree to serve as practice monitor to the State Bar within 30 days of the date hereof; and

3) MEYER L. ZIMAN shall complete, in addition to the continuing legal education requirements mandated by the State Bar of Arizona, six hours of domestic relations courses, twelve hours of personal injury courses, and two hours of ethics. Receipts for those additional hours of continuing legal education, together with written notes taken by MEYER L. ZIMAN from those seminars, shall be submitted to the State Bar. The additional continuing legal education shall be completed within one year of the date hereof.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, MEYER L. ZIMAN shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against MEYER L. ZIMAN for costs incurred by the State Bar of Arizona in the amount of $972.90, together with interest at the legal rate from the date of this judgment.

## EXHIBIT A

### BEFORE THE DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ARIZONA

Comm. Nos. 89–1676, 89–1730, and 90–2170

In the Matter of

MEYER LOUIS ZIMAN,

a Member of the State

Bar of Arizona,

RESPONDENT.

### DISCIPLINARY COMMISSION REPORT

[Filed Nov. 13, 1992.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on October 17, 1992, for oral argument pursuant to Rule 53(d), R.Ariz.Sup.Ct. Prior to oral argument, the Commission reviewed the record on appeal and made its decision based on the hearing committee's recommendation of acceptance of the agreement for discipline by consent providing for suspension and terms of probation.

### *Decision*

After review of the record on appeal, the Commission, by a unanimous vote of nine ayes, adopts the committee's recommendation of acceptance of the agreement for discipline by consent providing for (1) a 90–day suspension, during which Respondent shall submit to the Law Office Management Assistance Program (LOMAP); (2) upon completion of the 90–day suspension, the appointment of a practice monitor to supervise Respondent's practice for a period of one year; and (3) the completion of

twenty hours of continuing legal education (CLE), as detailed below, in addition to the hours required by the State Bar of Arizona. The Commission also unanimously adopts the hearing committee's findings of fact and conclusions of law.

## Facts

The complaints in this matter contain four counts, one of which concerns prior discipline.[1] The first count concerns Respondent's representation of a client in a personal injury action arising out of an aggravated assault. Respondent failed to respond to defendant's discovery requests, although his client had sent Respondent her answers to the interrogatories. The court ordered Respondent to comply with the discovery requests, but Respondent again failed to do so. This resulted in the court ordering the matter dismissed with prejudice and ordering the plaintiff (Respondent's client) to pay a fine of $1,000 for defendant's attorney's fees. That order was vacated four months later when the case was reinstated by subsequent counsel. Respondent never notified his client of the court's original order to comply with the discovery requests, and never advised her that her case had been dismissed.

The second count concerns Respondent's representation of the same client in a paternity matter. Respondent entered into a stipulation on behalf of his client without her knowledge or consent. In the agreement for discipline, Respondent states he entered into the stipulation, which awarded shared custody but did not provide for child support from the defendant, in recognition of the impecunious nature of the defendant. Respondent believed the order regarding child support could be modified at a later date if the situation changed. However, Respondent never advised his client of the stipulation.

In the third count, Respondent represented the plaintiff in a case assigned to an arbitrator. Respondent twice failed to respond to the arbitrator's requests for information. His failure to cooperate with the defendant's attorney in preparing the joint pre-hearing statement resulted in the defendant's attorney filing a unilateral pre-hearing statement, and a motion to dismiss for lack of prosecution. Respondent states he did not file a pre-hearing statement because he anticipated that the matter could be appealed, as he was unable to contact his client, and his client's whereabouts were unknown. Respondent states that although he initially intended to attend the arbitration hearing and file a *de novo* appeal to preserve his client's interests, subsequently he and the defense counsel mutually agreed that the matter would be submitted to the arbitrator for a determination without their attendance.

On the morning of the hearing, the defense counsel informed the arbitrator of their agreement that neither the parties nor their counsel would attend the hearing. The arbitrator then entered a motion to dismiss pursuant to defense counsel's motion. Respondent contacted the arbitrator after case had been dismissed, and in the *ex parte* communication Respondent argued with him about his rulings and made a profane and insulting remark.

The agreement for discipline states that this type of behavior is not characteristic of Respondent, that it was an isolated event, and that Respondent regrets the incident. Respondent also states that he did not believe it was improper, *per se*, to have a conversation with the arbitrator without the presence of defense counsel after the order of dismissal.

Respondent and the State Bar conditionally admit that Respondent's conduct violated ER 1.2, ER 1.3, ER 1.4, ER 3.2, ER 3.3, ER 3.4, ER 3.5, ER 8.4, and Supreme Court Rule 41(g).

## Discussion of Decision

The Commission agrees with the committee that Respondent violated the Rules of Professional Conduct as follows:

---

1. The original complaint contained two counts and concerned only Nos. 89–1676 and 89–1730. A second complaint added No. 90–2170. These matters were consolidated by committee order on May 29, 1992.

1. Respondent violated ER 1.2 when he entered into the stipulation in the paternity matter without his client's knowledge or consent;

2. Respondent violated ER 1.3 when he failed to respond to discovery requests and the court order, and failed to respond to the arbitrator's requests for information;

3. Respondent violated ER 1.4 by failing to notify his client of the court order to respond to the interrogatories, failing to notify her that her case had been dismissed, and failing to notify her of the stipulation regarding child custody;

4. Respondent violated ER 3.2 when he failed to file a pre-hearing statement and failed to attend the arbitration hearing, resulting in the dismissal of his client's case;

5. Respondent violated ER 3.3 when he submitted the stipulation on behalf of his client without her knowledge or consent;

6. Respondent violated ER 3.4 by failing to comply with the court's order to respond to discovery requests, and by failing to comply with the arbitrator's requests for information;

7. Respondent violated ER 3.5 when he had an *ex parte* communication with the arbitrator;

8. Respondent violated ER 8.4 by his general misconduct; and

9. Respondent violated Supreme Court Rule 41(g) by making an offensive and profane comment to the arbitrator.

The goal of lawyer discipline is to protect the public and the profession, not to punish the offender. *In re Kersting*, 151 Ariz. 171, 726 P.2d 587 (1986). The sanction imposed should, however, deter the respondent and other attorneys from engaging in similar unethical conduct. *In re Kleindienst*, 132 Ariz. 95, 644 P.2d 249 (1982).

To that end, the court considers the American Bar Association's *Standards for Imposing Lawyers Sanctions* a suitable guideline for imposing an appropriate sanction. *In re Spear*, 160 Ariz. 545, 774 P.2d 1335 (1989). The Commission relies upon that guideline, as well.

Standard 4.42 provides for suspension when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

Standard 6.22 provides for suspension when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding. In Count One, Respondent's failure to respond to the court's order to comply with discovery requests resulted in dismissal of the case and a sanction of $1,000 against his client.

Standard 6.12 provides for suspension when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceedings, or causes an adverse or potentially adverse effect on the legal proceeding. The commentary to this Standard further states that this applies when the lawyer does not act with the intent to deceive the court, but knows that material information is being withheld and does not inform the court, resulting in potential injury to a client or an adverse effect on the legal proceeding. Respondent entered into a stipulation on behalf of his client without her knowledge or consent, and, further, presented the stipulation to the court without disclosing the fact that his client had no knowledge of the document.

A review of case law also leads the Commission to conclude that suspension is the appropriate sanction. In *In re Galusha*, Comm. No. 87–0380, the respondent was suspended for six months and one day for failing to act with reasonable diligence in representing a client and failing to keep a client informed. Mr. Galusha had one prior suspension.

The conduct in *In re Brown*, SB 86–0039–D, is even more similar to that in the instant matter. The respondent failed to act with diligence, failed to keep clients informed, failed to consult with a client,

failed to comply promptly with requests for information, failed to abide by a client's decision, and allowed an adverse judgment to be entered against a client without the client's knowledge. Mr. Brown, who had no prior discipline, was suspended for 60 days for his conduct.

It appearing that suspension is the appropriate sanction, the Commission reviewed Standards 9.22 and 9.32, which provide lists of aggravating and mitigating factors that may justify an increase or decrease in the degree of discipline to be imposed.

In aggravation, there is a pattern of misconduct and multiple offenses. In addition, Respondent was informally reprimanded in 1991 for failure to communicate with a client and failure to respond timely to inquiries from the State Bar, conduct similar to that at issue here.

In mitigation, Respondent had no dishonest or selfish motive, and has been fully cooperative throughout these proceedings. The State Bar further indicates that Respondent recognizes "the need to avoid these problems" and "has already made a conscious effort to attend courses in ethics." [2] Respondent is also willing to undergo counseling to prevent similar problems in the future.

Upon considering the aggravating and mitigating factors, the Commission agrees a suspension is warranted; a censure would be insufficient. In determining the length of suspension, the Commission reviewed the conduct in *Galusha* and *Brown*. As stated above, Respondent's conduct is very similar to that in *Brown*, for which the respondent was suspended for only 60 days. However, Mr. Brown had no prior discipline. While the conduct in *Galusha* does not appear to be more egregious than in *Brown*, Mr. Galusha was suspended for six months and one day. The differentiating factor was that Mr. Galusha had previously been suspended.

Respondent's matter falls somewhere in between. While his conduct is similar to

that in both cases, Respondent was previously disciplined. However, because Respondent's prior informal reprimand is not as serious a sanction as Mr. Galusha's prior suspension, the Commission believes a six month suspension would be excessive. A suspension of 90 days is proportional.

While the Arizona Supreme Court has indicated their reluctance to impose sanctions of six months or less, they have made exceptions. *See In re Coffey*, 171 Ariz. 544, 832 P.2d 197 (1992); *In re Miranda*, 170 Ariz. 270, 823 P.2d 1278 (1992); *In re Espino*, 168 Ariz. 139, 811 P.2d 1076 (1991). The Commission believes the circumstances involved here, particularly in consideration of the additional provisions regarding Respondent's participation in LOMAP, the additional CLE hours, and the practice monitor, make this matter one of the exceptions.

Therefore, the Commission recommends the following:

1. Respondent shall be suspended from the practice of law for a period of 90 days;

2. During the 90 day suspension, Respondent shall, at his own expense, make arrangements to submit to the Law Office Management Assistance Program of the State Bar of Arizona;

3. A practice monitor shall be appointed to supervise Respondent's practice for a period of one year after the completion of the 90–day suspension. Respondent shall submit names of persons who will agree to serve as practice monitor to the State Bar within 30 days of the date of the order of the Commission;

4. Respondent shall complete, in addition to the continuing legal education requirements mandated by the State Bar of Arizona, six hours of domestic relations courses, twelve hours of personal injury courses, and two hours of ethics. Receipts for those additional hours of continuing legal education, together with written notes taken by Respondent from those seminars, shall be submitted to the State Bar. The additional continuing legal edu-

---

**2.** Memorandum in Support of Tender of Admissions and Agreement for Discipline by Consent, p. 2.

66

cation shall be completed within one year of the date of the order of the Commission; and

5. Respondent shall pay all costs and expenses incurred by the State Bar in connection with these proceedings.

RESPECTFULLY SUBMITTED this 10th day of November, 1992.

/s/ Raymond W. Brown
 Raymond W. Brown, Chair
 Disciplinary Commission