859 P.2d 1332

**In the Matter of a Member of the State Bar of Arizona, Francis A. DUCKWORTH, Respondent.**

**No. SB–93–0040–D.
Comm. No. 89–1573.**

Supreme Court of Arizona.

Sept. 23, 1993.

Joseph M. Boyle, Phoenix, for respondent.

Margaret D. White and Robert Swartz, State Bar Co–Counsel, and Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona, Phoenix, for the State Bar.

**JUDGMENT AND ORDER**

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal

---

4. Hearing Committee Report, p. 6.

5. In addition to the prior suspension, Respondent was previously informally reprimanded.

therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **FRANCIS A. DUCKWORTH**, a member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of ninety (90) days for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, **FRANCIS A. DUCKWORTH** shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **FRANCIS A. DUCKWORTH** shall pay the costs of these proceedings in the amount of $529.16.

## EXHIBIT A

### BEFORE THE DISCIPLINARY COMMISSION OF THE SUPREME COURT OF ARIZONA

Comm. No. 89–1573

In the Matter of

FRANCIS A. DUCKWORTH,

a Member of the

State Bar of Arizona, RESPONDENT.
DISCIPLINARY COMMISSION REPORT

[Filed May 12, 1993.]

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on March 13, 1993, for review of the record on appeal pursuant to Rule 53(d), R.Ariz.Sup.Ct. The Commission considered the Hearing Committee's recommendation of approval of the agreement for discipline by consent providing for suspension.

*Decision*

After review of the record on appeal, the Commission, by a unanimous vote of nine aye,[1] adopts the Committee's recommendation that the agreement for discipline by consent be accepted, and recommends that Respondent be suspended for a period of 90 days. By the same vote, the Commission adopts the findings of fact and conclusions of law of the Hearing Committee.

*Facts*

Respondent was retained by a corporation to handle the sale of its restaurant business. At a special meeting, the four shareholders of the corporation agreed that the acceptance of any offers would require their unanimous approval. A few days later, a purchase offer was tendered.

The lease on the space occupied by the restaurant had been signed prior to the formation of the corporation. Of the two signatories, one of them was now a shareholder ("Shareholder A") and the other was not. The non-shareholder signatory demanded a cash payment of $12,000 at the close of escrow as consideration for assigning his interest in the lease to the new purchaser.

One of the shareholders ("Shareholder B") objected to this payment, stating that the lease was a corporate asset. Respondent and Shareholder B's attorney subsequently agreed that the sale could proceed, subject to two conditions: (1) only necessary expenses would be paid out of escrow in order to close the transaction; and (2) the net sales proceeds would be deposited into Respondent's trust account and be distributed only pursuant to unanimous shareholder approval.

Respondent sent each shareholder a list of the expenses necessary to close the sale. The payment to the non-shareholder was not listed. After receiving that list, Shareholder B's attorney prepared supplemental escrow instructions which also did not list any payment to the non-shareholder.

1. Commissioners Goldsmith and Malm did not participate in these proceedings. Christopher Jensen and Robert Miles participated as ad hoc members.

These instructions were prepared with Respondent's consent.

After Shareholder B executed these instructions, they were sent to Respondent, who obtained the signatures of the three remaining shareholders. One of those shareholders added a handwritten addendum to the supplemental instructions which directed that payment of $12,000 be made to the non-shareholder who had signed the lease. This was done without the consent or knowledge of Shareholder B.

Although Respondent knew that Shareholder B had not signed the addendum and was, in fact, unaware of its existence, Respondent submitted the handwritten addendum along with the supplemental instructions to the escrow company. Accordingly, when the sale closed, the escrow company paid the non-shareholder signatory $12,000.

For several weeks following the closing of the sale, Respondent failed to respond to requests by Shareholder B's attorney for a fully-executed copy of the supplemental instructions. Shareholder B's attorney was still unaware of the addendum to the instructions.

A few months later, a shareholders' meeting was held to determine the distribution of the net sales proceeds being held in Respondent's trust account. Shareholder B did not agree with the remaining three shareholders, who wanted to authorize the payment of all bills of the corporation, including Respondent's attorney's fees and the cash payment to the non-shareholder. He then left the meeting, and the three remaining shareholders voted in favor of disbursement of the funds. Despite the initial agreement that the net sales proceeds would only be distributed pursuant to unanimous approval, and despite Respondent's knowledge of Shareholder B's disagreement with the majority, Respondent distributed the monies as indicated by the majority vote.

Respondent has conditionally admitted that his conduct was in violation of ER 1.15(b), ER 8.4(a), and ER 8.4(c).

### Discussion of Decision

The Commission agrees that Respondent violated ER 1.15(b), ER 8.4(a), and ER 8.4(c) when he failed to provide Shareholder B with the fully-executed supplemental escrow instructions, failed to inform Shareholder B that the supplemental instructions had been altered after his signature, and submitted those altered instructions to the escrow company.

The American Bar Association's *Standards for Imposing Lawyer Sanctions* are used by the Court in considering the appropriate sanction for a violation of the Rules of Professional Conduct. *In re Morris*, 164 Ariz. 391, 793 P.2d 544 (1990). The Commission is guided by the Standards, as well.

Standard 4.62 provides for suspension when a lawyer knowingly deceives a client, and causes injury or potential injury to the client. Standard 5.13 provides for reprimand (censure in Arizona) when a lawyer knowingly engages in conduct that involves dishonesty, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law. Although Respondent did not actually lie to Shareholder B, Respondent participated in a transaction which he knew was against the express wishes of Shareholder B. This clearly exposed Shareholder B to potential injury.[2]

Standards 9.32 and 9.22 list factors to be considered in mitigation and aggravation, respectively. In mitigation, Respondent has been practicing law for 25 years with no prior disciplinary record, and had no selfish motive. In aggravation, Respondent's motive was dishonest. In addition, the State Bar has indicated that "[a]cknowledgement of wrongdoing is conspicuously absent from respondent's initial communications with the State Bar" regarding

---

2. Whether there was actual injury to Shareholder B is unclear. However, it appears that the $12,000 payment to the non-shareholder eventually was paid only from the distributions to the remaining three shareholders; Shareholder B apparently was the only shareholder to receive full reimbursement of the expenses.

this matter.[3] Finally, Respondent's 25 years of experience in the practice of law can also be regarded as an aggravating factor; experience should have told him that his conduct was improper.

The Commentary to Standard 4.62 states that "Suspension is appropriate when a lawyer knowingly deceives a client, although not necessarily for his own direct benefit, and the client is injured." The Commission recognizes that Respondent had no selfish motive. His actions were the result of the rather difficult position in which he found himself. He was simultaneously representing the corporation and dealing with a shareholders' dispute. Further, Respondent has stated his belief that there would have been no other purchase offers; if that sale had been lost, the property would have been seized by the landlord and the shareholders would have received nothing, as there were minimal assets and the business had no good will. Nevertheless, the option chosen by Respondent to resolve the dilemma was incompatible with his duties and responsibilities as a lawyer. Deceptively disregarding the interests of one shareholder for the sake of the corporation cannot be condoned; the end cannot justify the means.

The Commission agrees with the Committee that Respondent's conduct was not merely negligent, but involved dishonesty, deceit, and misrepresentation. The Court has stated that the sanction imposed should deter the respondent and other attorneys from engaging in similar unethical conduct. *In re Kleindeinst*, 132 Ariz. 95, 644 P.2d 249 (1982). While the Commission acknowledges that the line between a censure and a short-term suspension is a fine one, it believes that under these circumstances, a censure would be inadequate; some period of suspension is dictated.

Although the Court has indicated its reluctance to impose suspensions of less than six months, it has made exceptions. *See In re Miranda*, 170 Ariz. 270, 823 P.2d 1278

(1992), and *In re Espino*, 168 Ariz. 139, 811 P.2d 1076 (1991). The Committee accurately illustrated that this case is one of those exceptions. Given Respondent's 25 years of practice without an infraction, it appears that this conduct is an isolated instance, and that no pattern of misconduct is present.

In *In re Pappas*, 159 Ariz. 516, 768 P.2d 1161 (1988), the Court stated, "In imposing lawyer sanctions, we are guided by the principle that 'the purpose of bar discipline is not to punish the lawyer but to deter others and protect the public.'" 159 Ariz. at 526 [768 P.2d at 1171] (quoting *In re Kersting*, 151 Ariz. 171, 726 P.2d 587 (1986)). The Committee believes that a suspension of longer than 90 days would serve no purpose other than to punish Respondent.[4] The Commission agrees, and recommends that Respondent be suspended for a period of 90 days.

RESPECTFULLY SUBMITTED this 10th day of May, 1993.

/s/Raymond W. Brown
Raymond W. Brown, Chair
Disciplinary Commission

---

3. State Bar's Memorandum in Support of Agreement for Discipline by Consent, p. 3.

4. Findings of Fact, Conclusions of Law, and Recommendation, p. 6.