885 P.2d 1080

**In the Matter of a Member of the State Bar of Arizona, Carl R. RETTER, Bar No. 010425, Respondent.**

**Nó. SB–94–0076–D. Comm. No. 91–1270.**

Supreme Court of Arizona.

Dec. 2, 1994.

Mark I. Harrison, Stephen G. Montoya, Co–Counsel for respondent.

Michael R. Scheurich, Robert Swartz, State Bar Co–Counsel, and Harriet L. Tur-

ney, Chief Bar Counsel, State Bar of Arizona, for the State Bar.

**JUDGMENT AND ORDER**

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal therefrom having been filed, and the Court having declined *sua sponte* review,

IT IS ORDERED, ADJUDGED AND DECREED that **CARL R. RETTER,** a member of the State Bar of Arizona, is hereby suspended from the practice of law for a period of 120 days for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that, upon reinstatement, **CARL R. RETTER** shall comply with the following:

1) Submit to a State Bar audit of his trust account;

2) Provide the State Bar with monthly reconciliations of his trust account for one year, with a one year option to renew by the State Bar; and

3) Submit to quarterly reviews of his trust account by the director of the State Bar's Law Office Management Assistance Program.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, **CARL R. RETTER** shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this court of his compliance with this Order as provided by Rule 63(d), Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that **CARL R. RETTER** shall pay the costs of these proceedings in the amount of $370.35, together with interest at the legal rate from the date of this judgment.

516

EXHIBIT A

BEFORE THE DISCIPLINARY COMMIS-
SION
OF THE
SUPREME COURT OF ARIZONA

Comm. No. 91–1270

In the Matter of

CARL R. RETTER,

Attorney No. 010425,

a Member of the

State Bar of Arizona

RESPONDENT.

DISCIPLINARY COMMISSION REPORT

[Filed Sept. 15, 1994.]

This matter first came before the Disci-
plinary Commission of the Supreme Court of
Arizona on May 6, 1994, on an agreement for
discipline by consent, pursuant to Rule 56(a),
Ariz.R.S.Ct. The agreement was tendered
prior to the issuance of a formal complaint,
and was reviewed by the Commission without
referral to a hearing committee or officer,
pursuant to Rule 53(b).[1] The Commission
considered the agreement for discipline by
consent providing for suspension.

Upon consideration of the record on ap-
peal, the Commission tabled the matter and
ordered the parties to appear. The matter
came before the Disciplinary Commission for
oral argument on July 9, 1994.

*Decision*

Upon review of the record on appeal and
consideration of the oral argument of the
respondent and the State Bar, the Commis-
sion, with seven members concurring and
two dissenting,[2] adopts the agreement for
discipline by consent providing that the re-
spondent, Carl R. Retter ("Retter"), be sus-
pended for a period of 120 days and, upon
reinstatement, shall (1) submit to a State Bar
audit of his trust account; (2) provide the
State Bar with monthly reconciliations of his
trust account for one year, with a one year
option to renew by the State Bar; and (3)
submit to quarterly reviews of his trust ac-
count by the director of the State Bar's Law
Office Management Assistance Program.
The Commission also unanimously adopts the
Rule 56(a) Tender of Conditional Admissions
and Agreement for Discipline by Consent
and Joint Memorandum in Support of Agree-
ment for Discipline by Consent as its find-
ings of fact and conclusions of law.

*Facts*

Retter has been a member of the State
Bar of Arizona since 1986. His practice has
been primarily limited to personal injury
matters and other contingency cases in which
any settlement or judgment proceeds are
immediately distributed to the client. Be-
cause of this, Retter has had little occasion to
use his trust account for anything other than
short-term deposits, and is inexperienced in
managing complex or lengthy trust account
transactions.

In the spring of 1991, Retter had an out-
standing liability to the Internal Revenue
Service for taxes he had reported but had not
paid. Based on that liability, the IRS im-
posed a tax lien on his business checking
account. The lien prevented Retter from
using his business account to satisfy the fi-
nancial obligations of his law practice. With-
out the use of this account, Retter was forced
to rely exclusively on money orders and cash-
ier's checks to satisfy any financial obli-
gations arising from his law practice.

During this same period, Retter believed
in good faith that there were no client monies
in the trust account. Therefore, Retter, ad-
mittedly inappropriately, deposited personal

1. Rule 56(a) provides that a respondent may
tender a conditional admission of a charge in
exchange for a stated form of discipline other
than disbarment. Rule 53(b) further provides
that when an agreement for discipline is filed
prior to the issuance of a formal complaint, it
shall be submitted directly to the Commission for
review.

2. Commissioners Doyle and Greer dissent.
While they agree that some length of suspension
is appropriate, they believe 120 days is too long
for the unique circumstances presented here.

funds in the trust account to satisfy various obligations related to the law practice.

Retter was mistaken in his belief that no client funds were in the account, however; his associate had previously deposited monies belonging to one of her clients. When Retter subsequently withdrew some of what he thought was his money from the trust account, a deficit of $178.37 in the client's monies resulted for approximately one day. The client suffered no injury as a result of Retter's error.

Retter has since satisfied the tax liability and the IRS has released the lien on his business account.

Respondent and the State Bar have conditionally admitted that Respondent's conduct violated Supreme Court Rule 43(a) and 44(a)....

### Discussion of Decision

The Commission agrees that Retter violated Rule 43(a) by failing to maintain complete records regarding his trust account, and Rule 44(a) by depositing personal monies into his trust account.

In determining the appropriate sanction, the Court considers the American Bar Association's *Standards for Imposing Lawyer Sanctions* as a suitable guideline. *In re Rivkind,* 164 Ariz. 154, 157, 791 P.2d 1037, 1040 (1990). The Commission uses this guideline, as well.

■ Standard 4.12 provides for suspension when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. In this instance, the mishandled funds belonged to Retter rather than to a client. However, by commingling his own funds with those of a client, Retter indirectly dealt improperly with client monies. The fact that he was unaware that the account already held a client's monies does not exonerate him; a lawyer's trust account should contain only client monies, and never the personal funds of the lawyer. Although no actual injury resulted in this instance, the

potential for harm was clearly demonstrated by the events that occurred here; Retter withdrew what he thought were his own funds, only to discover that he had actually retained some monies belonging to a client. Had the amount been greater, or the length of time involved longer, the mistake could have had serious consequences for a client. Under this Standard, "Suspension should be reserved for lawyers who engage in misconduct that does not amount to misappropriation or conversion. The most common cases involve lawyers who commingle client funds with their own ..."[3] The Commission believes suspension is warranted here.

In its determination of the appropriate sanction, the Commission also considered the existence of aggravating and mitigating factors, as listed in Standards 9.22 and 9.32, respectively. In mitigation, Retter has no prior disciplinary record; he was experiencing severe financial difficulties at the time which resulted in emotional distress; he was experiencing difficulties due to multiple staff changes; he immediately made good faith efforts to rectify the consequences of his misconduct; he is extremely remorseful; he has fully and freely disclosed his misconduct to the State Bar; and he has been very cooperative throughout the disciplinary process, as exhibited by his willingness to enter into an agreement for discipline prior to the filing of a formal complaint.

No aggravating factors were found.

Based on the profusion of mitigating factors and the absence of any factors in aggravation, the Commission considered whether a suspension might be too harsh for the misconduct at issue. In fact, Retter's counsel, at oral argument before the Commission, indicated his belief that a censure would be a more appropriate result. Despite this comment, he stated that he did not wish to withdraw from the agreement for discipline, and conceded that a suspension was not outside of the appropriate guidelines established by the ABA Standards.

■ The purpose of lawyer discipline is not to punish the offender, but to protect the public, the profession, and the administration

---

**3.** Commentary to Standard 4.12.

of justice. *In re Neville*, 147 Ariz. 106, 708 P.2d 1297 (1985). The sanction imposed should, however, deter the respondent and other attorneys from engaging in similar unethical conduct. *In re Kleindeinst*, 132 Ariz. 95, 644 P.2d 249 (1982). Any ethical breach involving the mishandling of a lawyer's trust account is a serious violation, indeed. Upon consideration, the entire Commission agreed that the imposition of anything less than suspension for misconduct involving a trust account violation would not achieve those goals.

The Commission also considered the mitigating factors present in determining the appropriate length of suspension warranted. Standard 2.3 recommends that suspensions be equal to or greater than six months; however, the Commission believes the mitigation present would make a suspension of such length merely punitive. Although the Court has also indicated a reluctance to impose suspensions of less than six months, it has made exceptions. *See In re Miranda*, 170 Ariz. 270, 823 P.2d 1278 (1992) (respondent suspended for three months), *In re Espino*, 168 Ariz. 139, 811 P.2d 1076 (1991) (respondent suspended for four months), and *In re Anderson*, 163 Ariz. 362, 788 P.2d 95 (1990) (respondent suspended for three months). The Commission believes the numerous mitigating factors, the extremely short time period involved in Retter's trust account violation, and the absence of harm to any client make this case an exception, as well. The majority of the Commission recommends that Retter be suspended for a period of 120 days and that, upon reinstatement, he be subject to the terms indicated above, which will help to ensure that such conduct does not occur again.

RESPECTFULLY SUBMITTED this 9th day of September, 1994.

/s/ Steven L. Bossé
Steven L. Bossé, Chairman
Disciplinary Commission