914 P.2d 900

In the Matter of a Member of the State Bar of Arizona, Francis A. DUCKWORTH, Respondent.

No. SB–95–0051–D.

Disc. Comm. No. 91–1810.

Supreme Court of Arizona,
En Banc.

April 25, 1996.

Wortman & Campbell by Harold E. Campbell, III, Phoenix, for Francis A. Duckworth.

Yigael M. Cohen, Bar Counsel, Phoenix, for State Bar of Arizona.

## OPINION

MARTONE, Justice.

This is a lawyer disciplinary proceeding. The Hearing Committee and the Disciplinary Commission recommended that Francis A. Duckworth be disbarred. He appeals and argues that the evidence was not sufficient to support their findings that he acted fraudulently. He argues that he was merely negligent and should be censured or suspended. We have jurisdiction under Rule 53(e), Ariz. R.Sup.Ct.

Although the parties disagree as to what the facts mean as a matter of law, the facts themselves are not in dispute. We draw them from the Disciplinary Commission report.

The Bar charged Duckworth with violating ERs 4.1 and 8.4, Rules of Professional Conduct, by providing false opinion letters to the Navajo Tribe, enabling his clients to profit from an undisclosed double sale and escrow. The Boquillas Cattle Company owned the Boquillas Ranch. Duckworth's clients, Tom Tracy and Bud Brown, decided to buy the ranch from the Boquillas Cattle Company and then sell it to the Navajo Tribe by a double escrow arrangement. Tracy and Brown created a fictitious name, "Big Boquillas Cattle Company," for the entity that would buy the property from the Boquillas Cattle Company and sell it to the Navajo Tribe. The Navajo Tribe asked for a letter stating that the property had marketable title. Tracy and Brown agreed to pay Duckworth $55,000 for the title opinion letter, if the transaction closed. Duckworth prepared two title opinion letters on behalf of his clients, Tracy and Brown, to the Navajo Tribe, as buyer, showing the seller to be the Big Boquillas Cattle Company, not the Boquillas Cattle Company, the true owner. The letters stated that the seller's interests were free of liens and that the title was insured by Ticor Title Insurance Company of California. None of these statements were true when Duckworth prepared and sent the letters. A third letter did show a sale from the Boquillas Cattle Company to the Navajo Tribe, but that, too, was untrue because the sale would be from the Boquillas Cattle Company to the Big Boquillas Cattle Company and then to the Navajo Tribe.

In April of 1987, the Navajo Tribal Council voted to approve the purchase of the property. Many of the members of the council were not aware of the double escrow, or of the fact that the tribe was paying over $7,000,000 more for the property than the Big Boquillas Cattle Company was paying to the Boquillas Cattle Company.

ER 4.1 prohibits a lawyer from making a false statement to a third person or from failing to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client. ER 8.4 prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation. The Disciplinary Commission agreed with the Hearing Officer's finding that Duckworth violated both of these rules. The Commission recommended disbarment after considering the appropriate ABA Standards and after weighing the aggravating and mitigating evidence, including Duckworth's prior suspension for violating ER 8.4 for conduct which involved "dishonesty, deceit, and misrepresentation." *In re Duckworth,* 176 Ariz. 199, 202, 859 P.2d 1332, 1335 (1993).

On appeal to this court, Duckworth argues that he "should receive a censure or at most a suspension for negligent and shoddy legal work," Opening Brief at 15–16, and that disbarment is too severe a penalty. Duckworth argues that the opinion letters that formed the basis for the finding of fraud were drafts that would be effective at the time the sale closed. He argues that "[a]ll of the statements in the letters would have been accurate at the time of closing." *Id.* at 9. He admits that "the information contained in the drafts was incorrect at the time they were written," but "this was because they were intended to reflect the state of the title at the time of closing." *Id.*

We have examined the record and the letters. We are of the view that they are deceptive under any version of the facts. If the letters were intended, as Duckworth says, to be effective as of the closing, then they should have expressly stated the date upon which they would become effective, or specifically described the conditions precedent to the opinions becoming effective. The letters as written can only be construed as stating that the facts within them were true at the time of writing and would be true at the time of the closing. This was false.

In light of the use of the name "Big Boquillas Cattle Company," where the true owner was the Boquillas Cattle Company, and all of the other circumstances arising out of this transaction as detailed in the Hearing Officer's findings of fact and the Disciplinary Commission's final report, we agree with the Hearing Officer and the Commission that Duckworth engaged in intentional conduct that involved deceit. We also agree that in light of the prior suspension, and the absence of any mitigation, disbarment is the appropriate sanction.

Accordingly, Francis A. Duckworth is disbarred, effective 30 days after this opinion is filed. Rule 63(c), Ariz.R.Sup.Ct. He is also assessed costs incurred by the State Bar of Arizona.

FELDMAN, C.J., ZLAKET, V.C.J., and MOELLER and ROBERT J. CORCORAN (Retired), JJ., concur.